[Civ. No. 23994. Second Dist., Div. One. Dec. 28, 1959.]

JOHN S. WICK et al., Respondents, v. WICK TOOL COMPANY (a Corporation), Appellant.

Joseph M. Wapner for Appellant.

Dudley K. Wright for Respondents.

WOOD, P. J.—This is an appeal by cross-complainant from a summary judgment for cross-defendants upon the cross-complaint.

The complaint was for an accounting under the provisions of a written agreement. Some of the provisions of the agreement were that plaintiff John S. Wick had applied for letters patent pertaining to a lawn edger; that the invention and application had been assigned to the partnership; that the partnership had granted to the defendant corporation a license to make and sell the device which was the subject of the application for a patent; that the defendant corporation would pay therefor a royalty of 7 per cent of the corporation's net invoice price.

Defendant answered the complaint, and also filed a cross-complaint. The first cause of action of the cross-complaint alleged that, at the time of executing the agreement, the cross-defendant John S. Wick stated to cross-complainant that he (Wick) was a consultant engineer and that whenever necessary he would assist cross-complainant "in improving the device [lawn edger] which cross-complainant intended to manufacture and to remedy any defects in said device"; that the statements of cross-defendants were false and were known by them to be false at the time the statements were made; the statements were made for the purpose of defrauding cross-complainant, and the statement did defraud cross-complainant; that in fact said Wick was not a consultant engineer and he failed and refused (1) to cooperate with cross-complainant in effecting improvements, and (2) to correct many defects in the lawn edger; cross-complainant relied upon said state-

ments; as a proximate result of the fraudulent representations, cross-complainant has been damaged in the amount of $50,000.

The second cause of action of the cross-complaint alleged that the written agreement, which was incorporated in the cross-complaint by reference, provided in part as follows: That the said agreement shall be subject to an agreement between John S. Wick and the Amplex Engineering Company, Inc., provided, however, that upon the expiration of the agreement with the Amplex Engineering Company a new agreement with Amplex shall not be entered into, nor shall the existing agreement be extended except with the mutual consent of Wick, the partnership, and the corporation; in the event a new agreement is made, or the existing agreement is extended, then Wick shall pay to the corporation a royalty of 2 per cent of the net invoice price; in the event a new agreement is not made or the existing agreement extended, then the corporation shall have the right to manufacture and sell the subject invention in all parts of the United States; at the time of executing the said agreement with the defendant corporation, the cross-defendants informed the cross-complainant that the Amplex agreement would terminate March 15, 1956, and that no agreement existed for its extension beyond that term; that said statements were false and were known by the cross-defendants to be false and the statements were made for the purpose of deceiving, and the statement did deceive cross-complainant; that the fact is that cross-defendants and the Amplex Engineering Company had an agreement to extend the contract beyond March 15, 1956; as a proximate result of the fraudulent representations, cross-complainant has been damaged in the amount of $50,000.

The answer to the cross-complaint alleged that the cross-defendants admit that, at the time the agreement was executed, John S. Wick agreed that he would assist cross-complainant in the capacity of consultant engineer in making improvements and remedying defects in the lawn edger; that cross-defendants admit that they informed cross-complainant that the Amplex agreement would terminate March 15, 1956. As a separate defense, cross-defendants alleged that on March 3, 1954, the cross-complainant (corporation) filed a complaint in the superior court of Los Angeles County against cross-defendants herein, alleging that cross-defendants made certain false representations concerning the lawn edgers which are the subject of the agreement which is Exhibit "A" in the cross-complaint herein, and cross-complainant sought rescis-

sion of said agreements; in said action, Number 617095, cross-defendants (herein) denied the allegations of the complaint and cross-complained against cross-complainant for the balance of the purchase price owed from cross-complainant to cross-defendants pursuant to Exhibit A; on June 14, 1954, in said action, findings of fact, conclusions of law, and judgment were entered in said court, and said amended findings and conclusions and amended judgment are incorporated in said answer by reference; one of said amended findings was, as follows: "It is not true that the defendants, or either of them, made any false or fraudulent representations to plaintiff for the purpose of inducing plaintiff to enter into the License Agreement which is defendant's Exhibit 'A' in evidence or for any purpose at all''; that the judgment in said referred to action is a final judgment and is res judicata on the issues raised by the cross-complainant in the action herein (present action). As a further separate defense, cross-defendants herein alleged that the alleged cause of action in the cross-complaint herein is barred by the provisions of section 338, subdivision 4, of the Code of Civil Procedure, and by section 339, subdivision 1, of the Code of Civil Procedure.

The cross-defendants in the present case made a motion for summary judgment in favor of cross-defendants on the grounds: (1) that a previous judgment disposed of the issues, presented by the cross-complaint, in favor of cross-defendants; and (2) a defense of res judicata gives the cross-complainant no cause of action.

In support of the motion for summary judgment, an affidavit of Mr. Dudley K. Wright (one of the attorneys for plaintiffs and cross-defendants) was filed. That affidavit stated that affiant is an attorney at law and he is personally familiar with the pleadings, records, and files in said (present) action and in said action Number 617095, entitled *Wick Tool Company*, a corporation, v. *Wick Tool Company et al.*, in said court, which records and files are incorporated herein by reference; the agreement dated December 31, 1952, between John S. Wick and Harold L. Wick (partners) and Wick Tool Company, a corporation, which is marked Exhibit A in the plaintiff's complaint in the above entitled (present) action, is the same written agreement that was and is Exhibit A in evidence in the said referred to (former) action Number 617095; that in said (former) action the amended complaint alleged that the defendants in that action, John S. and Harold L. Wick, induced the plaintiff in said (former) action,

Wick Tool Company, a corporation, to enter into the said agreement by reason of certain false and fraudulent representations; said action went to trial on said amended complaint, and the court entered judgment in favor of defendants, John S. and Harold L. Wick; the said court found that: "It is not true that the defendants . . . or either of them, made any false or fraudulent representations to the plaintiff for the purpose of inducing it to enter into the License Agreement which is marked defendants' Exhibit A in evidence or for any purpose at all"; the cross-complainant in the within action alleges that John S. and Harold L. Wick induced the Wick Tool Company to enter into said agreement marked Exhibit A by statements that were false and untrue and were known to said Wicks to be false and untrue; the cross-complaint in the within action alleges further statements by the said Wicks that were allegedly false and were made for the purpose of inducing the cross-complainant (corporation) to enter into said agreement, Exhibit A; the issues in the within action are the same as the issues that were presented or that might have been presented in said action Number 617095, which action "was between the same parties as the within action," and the said court rendered a judgment against the Wick Tool Company, plaintiff in action Number 617095 and cross-complainant in the present action; the said judgment has become final, having been entered on April 20, 1954, and having been satisfied on November 9, 1954.

In opposition to the motion for summary judgment, an affidavit of Mr. John H. Farber was filed. That affidavit stated that if affiant were a witness in the present case he would testify that he is the secretary-treasurer of defendant corporation; he handled the negotiations which resulted in the execution of the contract which is attached, as Exhibit A, to the complaint herein; at the time of the execution of said contract, John S. Wick, individually and as a partner of Wick Tool Company, a copartnership, stated that he was a consulting engineer, and that he would, whenever necessary, assist the purchaser, which is the cross-complainant (corporation) herein, in improving the device which the corporation intended to manufacture, and in remedying any defects in the device; it was not until September 15, 1956, and in 1957 and 1958, that it was found necessary to make improvements on certain models of the device; when that became apparent, affiant requested said John S. Wick, as a consulting engineer, to aid in making improvements; the said Wick's reply was in

substance, "I am not interested in anything you have to say, I am not an engineer"; with reference to the allegations in the second cause of action (in the corporation's cross-complaint), the affiant did not learn of the statements made by John S. Wick to the Amplex Engineering Company, as alleged in the second cause of action, until approximately October, 1955.

Appellant argues that the affidavit of Mr. Wright, in support of the motion, was insufficient in that (1) the affidavit does not state that if affiant were called as a witness he would testify as stated in the affidavit; (2) the affidavit does not disclose the issues that were presented in the previous action; (3) the affidavit states a conclusion of law wherein it recites that the issues in the present action are the same as the issues that were presented or might have been presented in previous action, Number 617095.

It was stated in the affidavit of Mr. Wright that the superior court file in the former action was incorporated by reference in his affidavit. The record on appeal does not include a reporter's transcript of the proceedings at the hearing of the motion for summary judgment. A statement in respondent's brief to the effect that the said file was submitted and considered by the trial judge is uncontradicted. It will be assumed that the file was considered by the trial judge. That file is before this court.

In the former action, rescission of the license agreement was sought on the ground that the defendants therein (the Wicks) had made false representations which induced the plaintiff therein (the corporation) to enter into the agreement. The allegations in the amended complaint in the former action, with respect to alleged false representations, were in substance as follows: the dies used in making the edger were in good condition; the person who used the dies, in making the edgers, did not inform the Wicks that the dies were not properly constructed; the inventory on hand, consisting of parts usable in assembling the edgers, were in good condition; the edgers were properly designed and were proven to be without defects; the parts of the edgers were designed so that when the parts were assembled in an edger the parts would operate properly; the Wicks had not received any complaints from jobbers with reference to the parts, construction, or use of the edgers. There was no allegation therein to the effect (1) that John S. Wick falsely represented that he was a consulting engineer, or (2) that the Wicks falsely repre-

sented that the Amplex agreement would terminate on March 15, 1956.

In the present action, the first cause of action of the cross-complaint alleged (as above stated) that cross-defendant John S. Wicks stated, at the time of the execution of the license agreement, that he was a consulting engineer and that whenever necessary he would assist cross-complainant in improving the edger and in remedying defects in it; that those statements of John S. Wick were false; and in fact he was not a consultant engineer, and he refused to correct many defects in the edger. Also, in the present action, the second cause of action of the cross-complaint alleged (as above stated) that the Wicks stated, at the time of executing the license agreement, that the Amplex agreement would terminate on March 15, 1956, and no agreement existed for its extension beyond that term; that said statement was false; and in fact the Wicks and Amplex had an agreement to extend the contract beyond said date.

It thus appears, from the file in the former action, that the alleged false representations in the former action pertained (1) to the condition and usability of the dies and parts of the edger; and (2) to the lack of complaints, from jobbers, as to the condition and usability of the edgers. It also thus appears, from the cross-complaint in the present action, that the alleged false representations were that John S. Wick was a consulting engineer, and (2) that the Amplex contract would terminate on March 15, 1956.

The file in the former action also shows (1) that the Wicks answered the amended complaint therein and denied the allegations regarding false representations, and (2) that the Wicks filed a cross-complaint wherein they sought (a) an accounting for royalties due under the license agreement, and (b) the amount due, under the agreement, as installment payments on the purchase price. That file also shows that the court found (as hereinabove stated) that the Wicks did not make any false or fraudulent representation; that $2,034.35 was due to the Wicks as royalties, and $6,650.06 was due to the Wicks as installments on the purchase price. That file also shows that the judgment therein was that plaintiff (the corporation) recover nothing by its complaint, and that the cross-complainants (the Wicks) recover from the cross-defendant (corporation) the said amounts found to be due, under the license agreement, for royalties and for installments on the purchase price. That judgment, which was entered on June 14, 1954, became final.

It thus appears further, from the file in the former action, that the issues presented by the cross-complaint in the former action, as to royalties and installments due under the license agreement, were decided in favor of the cross-complainants (Wicks). In other words, it appears that the cross-complainants' (Wicks') cause of action under the cross-complaint in the former action, namely, their alleged right to royalties and installments under the license agreement, was determined in their favor, that is, the validity of the license agreement was upheld.

In summary (with respect to the differences between the former action and the present action), it may be stated generally, as follows: In the former action, the corporation (by its complaint) sought rescission of the license agreement upon six specified grounds involving alleged false representations; and the Wicks (by their cross-complaint) sought to recover royalties and installments under the license agreement. In the present action, the Wicks (by their complaint) seek royalties accruing, under the license agreement, after the former action; and the corporation (by its cross-complaint) seeks damages upon two specified grounds involving (additional) alleged false representations.

Upon the appeal herein, the question is whether the former judgment is res judicata with respect to the two additional allegations of false representations in the cross-complaint, which alleged false representations were that John S. Wick was a consulting engineer, and that the Amplex contract would terminate on March 15, 1956.

██ "The doctrine of res judicata rests upon the ground that the party to be affected . . . has litigated, or had an opportunity to litigate the same matter in a former action . . . and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end of litigation." (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 637 [134 P.2d 242].) ██ It was also stated in the Panos case, *supra* (p. 638), in quoting from Freeman on Judgments: " 'A prior judgment can operate as a complete bar to a second action only on the theory that it is a conclusive adjudication . . . as to every matter that might be urged in support of the latter. . . . Under the circumstances, in view of the rule and policy of the law which forbids a party to split his claim, the judgment is deemed to adjudicate, for purposes of the second action, not only every matter which was, but also every matter which might have been urged in

support of the cause of action or claim in litigation. Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action.' " It was also said in the Panos case, *supra* (p. 638): "The cause of action is simply the obligation sought to be enforced."

In *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502 [258 P. 387], it was said (p. 510), in quoting from Freeman on Judgments: " 'If the existence, validity or construction of a contract . . . has been adjudicated in one action it is *res judicata* when it comes again in issue in another action between the same parties, though the immediate subject matter of the two actions be different.' " It was also said in that case (p. 511): "Appellants, however, apparently have a misconception of this rule. They seem to contend that an issue heard and determined in a former case is binding only as to such grounds supporting or opposing said issue as were actually urged and litigated. But an issue may not be thus split into pieces. . . . In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto."

In *Wulfjen* v. *Dolton,* 24 Cal.2d 891 [151 P.2d 846], it was said, at page 894: "It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits, and in such case the first action may be pleaded in abatement of any subsequent suit on the same claim." It was also said in that case, at page 895: "The cause of action against said defendants is simply their alleged perpetration of fraud to plaintiff's injury—her advancement of various sums of money without consideration therefor. Whatever her ground of recovery might be for this single wrong, she was bound to frame her complaint in the *prior action* so as to avail herself of whatever relief the controlling set of facts would warrant and so meet any possible developments in the presentation of the evidence."

In the former action, the corporation's (plaintiff's) cause of action, under its complaint, was its alleged right to rescind the license agreement. The cause of action was not the alleged false representations. The allegations of false representations, in that complaint, were alleged grounds for judicially establishing the cause of action or right to rescind.

In the present action, the corporation's cause of action, under its cross-complaint, was its alleged right to recover

damages by reason of circumstances involved in the making of the license agreement. The cause of action under that cross-complaint was not the two additional allegations of false representations—regarding John Wick's status as a consulting engineer, and regarding the time of terminating the Amplex contract. Those two allegations of false representations were alleged grounds for judicially establishing the cause of action or right to recover damages.

It thus appears that in the complaint in the former action and in the cross-complaint in the present action, the corporation's cause of action was for relief in connection with the license agreement, that is, relief either by way of rescission or damages. (In *Evans* v. *Horton*, 115 Cal.App.2d 281 [251 P. 2d 1013], it was said, at page 284: "The rule is that if, in a suit for rescission, a judgment is rendered after a trial on the merits, such judgment is res judicata not only as to the issues actually raised but as to issues which could have been raised in support of the action. A party claiming to have been defrauded must seek all the relief to which he may be entitled in one action, and he may not, after having failed in an action to rescind a purchase for fraud which has been adjudicated after a trial on the merits, thereafter bring a second action for damages.''

 Apparently, appellant's theory with respect to the cross-complaint for damages is that the asserted two additional items of false representation (regarding consulting engineer and terminating Amplex contract) were not known to cross-complainant until after the adverse judgment in the former action became final. In view of appellant's charges in the former action, regarding false representations, it would seem that appellant, in the exercise of due diligence to allege in the first action all purported grounds for rescission, would have made full investigation regarding representations. It would seem that appellant, in the exercise of due diligence, could have obtained information, prior to commencing the first action, as to whether John Wick was a consulting engineer, and whether the time for terminating the Amplex contract had been extended.

In any event, as above indicated, the asserted false representations did not constitute appellant's cause of action, but they were alleged grounds for relief. Appellant was not entitled to split its cause of action for relief, with respect to the license agreement, by presenting certain grounds for relief in the first action and thereafter presenting, in a second action,

other grounds for relief. Under the circumstances here, the appellant was required to present all its grounds for relief in the first action. In the Restatement of the Law of Judgments it was said in section 63, comment a, as follows: ''Where in the second action the plaintiff bases his claim on the same right on which he based his claim in the prior action and on the same violation of duty by the defendant, it is not a different cause of action merely because he asserts different grounds for recovery from those which he asserted in the prior action. He is barred by the prior judgment, not only where the grounds alleged in the second action were alleged in his complaint in the prior action . . . but also where he failed to allege these grounds in his complaint . . . in the prior action. The rule has the effect of coercing the plaintiff to present all of his grounds for recovery in the first proceeding, which is similar to the coercion upon the defendant to produce all of his defenses. . . . As the defendant cannot after judgment for the plaintiff attack the judgment because of new defenses . . . so likewise, after a judgment for the defendant, the plaintiff cannot . . . allege new grounds for recovery on the same cause of action . . . even though he was not aware of these grounds when he brought the original action.''

Furthermore, it is doubtful whether the affidavit in opposition to the motion for summary judgment states that the affiant did not know (prior to September 15, 1956) that John S. Wick was not a consultant engineer. The affiant states that: ''It was not until September 15, 1956 . . . that it was found necessary to make improvements. . . . When that became apparent, affiant requested said John S. Wick as a consultant engineer. . . . Said John S. Wick's reply was in substance, '. . . I am not an engineer.' '' It thus appears that the affiant stated that after September 15, 1956, John S. Wick said he was not an engineer. That was not a statement that the affiant did not know, prior to that date, that Wick was not an engineer. Also, it is doubtful whether the affidavit states that affiant did not know (prior to October, 1955) that the date for terminating the Amplex agreement had been extended. The affiant states that he did not learn of the statements of John S. Wick to the Amplex Engineering Company, as alleged in the second cause of action, until approximately October, 1955. The second cause of action of the cross-complaint does not include any allegation as to a statement by said Wick to Amplex. It therefore appears that, even under appellant's theory that it lacked knowledge regarding the two additional items

of false representation, the affidavit in opposition to the motion was probably insufficient.

The judgment in the former action is res judicata as to the issues presented by the cross-complaint in the present action. The trial court did not err in granting cross-defendants' motion for summary judgment upon the cross-complaint.

The judgment for cross-defendants upon the cross-complaint is affirmed.

Fourt, J., and Lillie, J., concurred.