Adrian C. EICHMAN,
Plaintiff-Appellant,

v.

FOTOMAT CORPORATION, a Delaware corporation,
Defendant-Appellee.

No. 82–5404.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 7, 1982.

Submitted March 25, 1985.

Decided May 10, 1985.

Kennedy, Circuit Judge, concurred and filed opinion.

J. David Franklin, Franklin & Franklin, La Jolla, Cal., for plaintiff-appellant.

Wright & L'Estrange, John H. L'Estrange, Jr., William R. Nevitt, Jr., Sullivan & Jones, David R. Markham, Samuel J. Goldberg, San Diego, Cal., for defendant-appellee.

Before KENNEDY, TANG and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

This case is before us on appeal from the district court's dismissal of Eichman's lawsuit on the ground that Eichman's claims were barred by the *res judicata* effect of an earlier state suit. Because California preclusion law includes the requirement of prior jurisdictional competency, under *Marrese v. American Academy of Orthopaedic Surgeons,* —— U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), we find that Eichman is not precluded from bringing a federal action when the state court had no jurisdiction to hear Eichman's federal claims. We therefore reverse the district court's dismissal of Eichman's suit.

## I.

Fotomat Corporation is a nationwide retailer of photoprocessing, photographic merchandise, and video goods and services operating through a network of retail photographic equipment and processing stores. Some Fotomat stores are company-owned and some are franchises. Eichman has been a Fotomat franchisee in San Bernardino, California since 1968. The franchise ties have been less than harmonious, and there has been litigation between the parties for over ten years.

Eichman's first suit against Fotomat (*Eichman I*) was filed in San Bernardino Superior Court on July 31, 1973. The complaint alleged that Fotomat had sold photoprocessing and merchandise to Eichman's franchise store at prices higher than were available to company stores, failed to advertise properly for franchise stores, placed company stores unreasonably close to Eichman's store, and fraudulently induced Eichman to purchase the franchise by representations that company stores would not compete with his franchise. Eichman claimed damages for breach of contract and unfair competition under the California Unfair Trade Practices Act, Cal.Bus. & Prof.Code §§ 17000–17208, and also sought injunctive relief. After four years of discovery, Eichman accepted Fotomat's settlement offer of $7,500 on September 7, 1977 pursuant to section 998 of the California Code of Civil Procedure. The San Bernardino Superior Court entered judgment *nunc pro tunc* as of that date.

Eichman's second suit (*Eichman II*) was filed in San Diego Superior Court on April 21, 1978. The complaint in that suit was more specific, but the facts alleged were much the same—i.e., hidden markups in violation of the franchise agreement, sales to company stores at lower prices than those offered to franchise stores, tying of processing, merchandise, and kiosk leases to franchise licenses, failure to advertise properly, inducement of the purchase of the franchise by false representations, and excessive royalty charges on franchise revenues. Eichman claimed causes of action for breach of contract, restraint of trade in violation of California law, monopolization and attempted monopolization in violation of California law, fraud and deceit, conversion, accounting, breach of fiduciary duty, and declaratory relief. After permitting Eichman to amend, the San Diego Superior Court, on February 27, 1979, granted Fotomat's demurrer to all counts except those for accounting and for declaratory relief on the ground that *Eichman I* was *res judicata*. Eichman subsequently consented to the dismissal of the two remaining claims in order to pursue an appeal in the state system. On October 14, 1983, the Court of Appeal affirmed the Superior Court judgment. *Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 197 Cal.Rptr. 612 (1983).

Eichman's suit before us here (*Eichman III*) was filed in the United States District Court for the Southern District of California on June 19, 1981. The facts alleged are substantially the same as those alleged in *Eichman II.* Eichman's theories of recovery are expanded, however, the cornerstone of the new complaint being claims under the Sherman Anti-Trust Act, 15 U.S.C. §§ 1–7, and the Clayton Act, 15 U.S.C. §§ 12–27, with a number of pendent state law claims. The district court dismissed all claims except the two state law claims duplicating those not dismissed by the Superior Court in *Eichman II.* The district court based its dismissal order on the ground that the compromise settlement in *Eichman I* was *res judicata* to Eichman's fed-

eral suit. The parties stipulated to dismissal of the two remaining claims for lack of subject matter jurisdiction. This appeal followed.

## II.

■ In *Marrese v. American Academy of Orthopaedic Surgeons*, —— U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Supreme Court held that the preclusive effect of a state court judgment in a subsequent lawsuit involving federal antitrust claims is determined by the preclusion law of the state in which the previous judgment was rendered. Thus, in determining whether Eichman's federal antitrust claims are barred by the *res judicata* effect of his earlier state suit, we must look to California preclusion law. *Marrese*, —— U.S. at ——, 105 S.Ct. at 1330–34.

■ Under California preclusion law, in order for *res judicata* to apply to claims not raised in previous proceedings, the court rendering the prior judgment must have had jurisdiction to hear such claims. *See Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal.2d 601, 604, 375 P.2d 439, 440, 25 Cal.Rptr. 559, 560 (1962), *cert. denied*, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963); *Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control*, 55 Cal.2d 728, 733, 361 P.2d 712, 715, 13 Cal.Rptr. 104, 107 (1961); *Pacific Mutual Life Insurance Co. v. McConnell*, 44 Cal.2d 715, 725, 285 P.2d 636, 641 (1955), *appeal dismissed* and *cert. denied*, 350 U.S. 984, 76 S.Ct. 472, 100 L.Ed. 851 (1956). Because federal antitrust claims are within the exclusive jurisdiction of the federal courts, *Marrese*, —— U.S. at ——, 105 S.Ct. at 1330, the California court in *Eichman I* would have had no jurisdiction over Eichman's federal antitrust claims. Therefore, applying California *res judicata* principles, the prior California suit cannot preclude Eichman's federal action. *Id.* —— U.S. at ——, 105 S.Ct. at 1332.

We are no longer at liberty to follow any conclusion to the contrary counseled by *Derish v. San Mateo-Burlingame Board of Realtors*, 724 F.2d 1347 (9th Cir.1983). In *Derish*, this circuit held that once a plaintiff brings a claim under California antitrust law in state court, he is barred by the doctrine of *res judicata* from bringing a claim arising from the same facts against the same defendant in federal court under the Sherman Act. Considering California preclusion law, however, *Derish* has been effectively overruled by *Marrese*. In *Marrese*, the Supreme Court stated that state court litigation based on a state antitrust law analogous to federal antitrust law "does not bar subsequent attempts to secure relief in federal court if the state court lacked jurisdiction over the federal statutory claim." —— U.S. at ——, n. 3, 105 S.Ct. at 1333 n. 3.

■ This is not to say that in all circumstances we will decline to give collateral estoppel effect in a federal antitrust action to specific findings of fact made in a prior state court adjudication. In this case, however, looking to California law, we are not able to apply principles of collateral estoppel. *Eichman I* ended in a compromise settlement pursuant to section 998 of the California Code of Civil Procedure. Under California law, a judgment obtained pursuant to section 998 cannot be used as a collateral estoppel because the element of litigated issues is absent. *Milicevich v. Sacramento Medical Center*, 155 Cal. App.3d 997, 1004, 202 Cal.Rptr. 484, 498 (1984) (quoting B. Witkin, *California Procedure* § 215 at 3351 (2d ed. 1971)). *See also Travelers Indemnity Co. v. State Farm Mutual Automobile Insurance Co.*, 330 F.2d 250, 262 (9th Cir.1964); *Taylor v. Hawkinson*, 47 Cal.2d 893, 896, 306 P.2d 797, 799 (1957).

## III.

Our discussion above does not apply to those pendent state claims in *Eichman III* over which the federal court does not have exclusive jurisdiction. In ruling on the *res judicata* effect of *Eichman I* on the pendent state claims, we must divide our inquiry between those state claims based on conduct occurring before and that occurring after the date of settlement in *Eichman I*.

**1438**

### A.

As noted above, we accord the same *res judicata* effect to state court judgments that the jurisdiction of their rendition would give them. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). In California, final judgments, even if erroneous, are a bar to further proceedings based on the same cause of action. *Slater v. Blackwood*, 15 Cal.3d 791, 797, 543 P.2d 593, 596, 126 Cal.Rptr. 225, 228 (1975). Further, in determining whether a second complaint states a new cause of action, California courts apply the primary rights theory, under which the invasion of one primary right gives rise to a single cause of action. *Id.* at 795, 543 P.2d at 594, 126 Cal.Rptr. at 226. Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief. *Id.*, 543 P.2d at 594–95, 126 Cal.Rptr. at 226–27.

The complaint in *Eichman I* alleges interference with Eichman's Fotomat franchise through contract breaches, fraud, and unfair trade practices on the part of Fotomat. Although the complaint in *Eichman III* describes Fotomat's conduct in more detail, the injury and harm alleged are essentially identical. Thus, the pendent state claims in *Eichman III* based on conduct occurring before the date of judgment obtained pursuant to the compromise settlement in *Eichman I* are barred by California *res judicata* principles.

Eichman contends that the state claims in *Eichman III* based on conduct before the settlement date should not be barred by *res judicata* because Fotomat fraudulently concealed facts from Eichman until after the consent judgment was entered in *Eichman I*. This same argument was rejected as without merit by the state court of appeals in *Eichman II*. *See Eichman v. Fotomat Corp*, 147 Cal.App.3d 1170, 1175–76, 197 Cal.Rptr. 612, 614–15 (1983). Eichman engaged in four years of discovery with Fotomat before entering into the consent judgment. Additionally, Eichman was acquainted with other franchise owners who were the plaintiffs in another action against Fotomat. That action was filed almost a year before judgment was entered in *Eichman I* and raised the identical facts Eichman raises now. By exercising due diligence, Eichman would have discovered the information he alleges Fotomat concealed. Ignorance of evidence which should have been discovered does not negate the application of *res judicata*. 147 Cal.App.3d at 1176, 197 Cal.Rptr. at 615; *McFaddin v. H.S. Crocker Co.*, 219 Cal.App.2d 585, 589, 33 Cal.Rptr. 389, 392 (1963); *Wick v. Wick Tool Co.*, 176 Cal. App.2d 677, 686–87, 1 Cal.Rptr. 531, 537–38 (1959).

### B.

The complaint in *Eichman III* alleges causes of action based on events beginning in 1968 and continuing until the federal complaint was filed in 1981. Nonetheless, the district court held that the settlement agreement of September 7, 1977 was *res judicata* even as to those claims based on conduct occurring after the settlement date. In this, the district court erred. The judgment in *Eichman I* does not immunize Fotomat from liability for all future conduct. *Eichman II*, 147 Cal.App.3d at 1177, 197 Cal.Rptr. at 616. *See also Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 329, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955).

California courts follow the approach taken by the Supreme Court in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955), that a prior judgment " 'cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.' " *Eichman II*, 147 Cal. App.3d at 1177, 197 Cal.Rptr. at 615 (quoting *Lawlor*, 349 U.S. at 328, 75 S.Ct. at 868). Thus, because *Eichman I* was settled on September 7, 1977 and judgment was entered as of that date, the causes of action disposed of in *Eichman I* were for

pre-September 7, 1977 conduct and the judgment cannot bar suit brought on post-September 7, 1977 conduct. *See Los Angeles Branch NAACP v. Los Angeles Unified School District*, 750 F.2d 731, 738–39 (9th Cir.1985) (en banc). *Eichman I*, therefore, does not preclude the pendent state claims in *Eichman III* insofar as the latter alleges wrongful conduct occurring after the settlement date of the former. *See Eichman II*, 147 Cal.App.3d at 1177, 197 Cal.Rptr. at 615; *City of Downey v. Johnson*, 79 Cal.App.3d 970, 975, 145 Cal.Rptr. 298, 300 (1978); *Yates v. Kuhl*, 130 Cal. App.2d 536, 539–41, 279 P.2d 563, 566 (1955); *Roberts v. Redlich*, 111 Cal.App.2d 566, 569–70, 244 P.2d 933, 935 (1952); 4 B. Witkin, *California Procedure* § 190 at 3331 (2d ed. 1971).

### IV.

Because the district court found that *Eichman I* was *res judicata* as to *Eichman III*, the court did not address the preclusive effect of *Eichman II*. We reverse the district court's ruling as to the *res judicata* effect of *Eichman I*, and therefore we must briefly consider whether the preclusive effect of *Eichman II* could support the district court's dismissal.

■■■ At the time the district court dismissed *Eichman III*, Eichman's second state lawsuit was on appeal in the state system. The federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of *res judicata*. *See* 1B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* ¶ 0.416[3] at 521 (2d ed. 1983). Under California law, however, a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal. *Agarwal v. Johnson*, 25 Cal.3d 932, 954 n. 11, 603 P.2d 58, 72 n. 11, 160 Cal.Rptr. 141, 154 n. 11 (1979); Cal.Civ. Proc.Code § 1049. Under 28 U.S.C. § 1738, we apply California law. Therefore, the preclusive effect of *Eichman II* was not properly before the district court and could not have provided a basis for dismissing *Eichman III*.

Furthermore, even if the judgment in *Eichman II* had been final then, as it is now, this would not alter our conclusion. The causes of action disposed of in both *Eichman I* and *Eichman II* involved conduct occurring before the *Eichman I* September 7, 1977 settlement date. Thus, as seen from our discussion above, the judgment in *Eichman II* cannot preclude the pendent state claims in *Eichman III* insofar as they allege conduct occurring after September 7, 1977.

### V.

The district court erred in dismissing *Eichman III*. *Eichman I* does not bar Eichman's federal antitrust claims or those pendent state claims based on conduct occurring after September 7, 1977.

REVERSED.

KENNEDY, Circuit Judge, concurring:

I concur fully in Judge Ferguson's opinion.

California's antitrust statute, the Cartwright Act, Cal.Bus. & Prof.Code §§ 16700–60 (West 1964 & Supp.1985), follows the model of the Sherman Act, 15 U.S.C. § 1 (1982). The congruity of the statutes led us to invoke *res judicata* and to hold, in earlier precedent, that where a plaintiff sustains an adverse judgment in a suit on the Cartwright Act in state court, he may not rely on the Sherman Act to relitigate the case in federal court. *Derish v. San Mateo-Burlingame Board of Realtors*, 724 F.2d 1347 (9th Cir.1983). The holding in *Derish* and its underlying rationale now seem inconsistent with the holding in *Marrese v. American Academy of Orthopaedic Surgeons*, — U.S. —, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *cf.*, Burger, C.J., concurring.

In practical terms, the rule set forth in *Marrese* may be an almost automatic rule permitting federal antitrust actions notwithstanding previous state court judgments, except where issue preclusion or collateral estoppel applies. *Marrese* directs us to consult state *res judicata* rules in the context of a prior judgment without

jurisdiction. As state courts, generally, will have no occasion to address the specific question of the preclusive effect of a prior state judgment on a federal claim committed exclusively to the federal courts, we are remitted to the more general principle that prior jurisdictional competency is a requirement for the application of *res judicata*. This is a rule of near universal application. *See* Restatement (Second) of Judgments § 26(1)(c). Under this analysis, it appears that a federal antitrust action would not be foreclosed by a prior state court adjudication of the matter. The *Marrese* case controls here.