28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, DEPARTMENT OF TOXIC SUBSTANCES CONTROL;
Kathy Darling; Jose Kou, Defendants-Appellees.
 No. 93-56508.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her action against the State of California Department of Toxic Substances Control ("DTSC") and two of its employees alleging various claims arising from her discharge from employment. Etemad also appeals the district court's sanction of $750 against her. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On February 10, 1992, Etemad filed a pro se complaint against DTSC alleging various claims arising out of her discharge from employment. After granting two opportunities to amend the complaint, the district court dismissed the complaint with prejudice. On March 1, 1993, Etemad filed a notice of appeal for review of that dismissal.[1] On July 26, 1993, while the appeal of the February 10 complaint's dismissal was still pending, Etemad filed another complaint raising the same allegations, but adding two DTSC employees as defendants.
 
 
 4
 * Dismissal
 
 
 5
 We review de novo a district court's dismissal on res judicata grounds and for failure to state a claim. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993) (res judicata); Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc) (failure to state claim), cert. denied, 113 S.Ct. 655, and cert. denied, 113 S.Ct. 656 (1992).
 
 
 6
 We hold that the district court properly dismissed the claims against DTSC which were included in her first complaint. Pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata. Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir.1985). Accordingly, Etemad's appeal of the dismissal of the first complaint did not affect its preclusive effect. See id.
 
 
 7
 The district court also properly dismissed the new claims against two DTSC employees. Etemad's Equal Opportunity Opportunity Commission (EEOC) charge neither named the employees nor alleged facts concerning the employees' conduct. Therefore, she is barred from maintaining a Title VII cause of action against them. See Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir.1980) (private Title VII action may be brought only against parties named in the EEOC charge).
 
 II
 Sanctions
 
 8
 We review for abuse of discretion the district court's order imposing sanctions. United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 
 9
 A pro se litigant may be sanctioned for filing papers "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. Here, Etemad filed a complaint in an attempt to amend a complaint that had been dismissed after Etemad had been granted two opportunities to amend. DTSC moved for attorney fees of $2500 but the district court determined that $750 was a more appropriate amount. We hold that the sanction imposed did not constitute an abuse of discretion. See Borneo, 971 F.2d at 248.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 5, 1994, we affirmed the dismissal of many of her claims but vacated and remanded for the district court to reinstate her Title VII claim. See Etemad v. State of California, Dept. of Toxic Substance Control, No. 93-55385, unpublished memorandum disposition (9th Cir. April 5, 1994)
 
 
 [2]
 We have considered all other issues Etemad raised in her opening brief and reject them as meritless