39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA DEPARTMENT OF WATER RESOURCES CONTROL
BOARD, et al., Defendants-Appellees.
 No. 93-56525.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's dismissal of her complaint under Fed.R.Civ.P. 12(b)(6) against the State of California, Department of Water Resources Control Board ("Board"). Etemad alleged that the Board violated her civil rights when it terminated her from employment in 1990. The district court found Etemad's complaint barred by res judicata and the statute of limitations. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Background
 
 
 4
 On August 7, 1989, the Board hired Etemad as an Industrial Hygienist and terminated her a few months later on January 16, 1990, during a probationary period of employment. The Board claims that it discharged Etemad for unacceptable job performance. In January of 1990, Etemad appealed her dismissal to the California State Personnel Board which entered a default judgment in favor of the defendants. In June 1990, Etemad filed a national origin and sex discrimination charge against the Board with the Equal Employment Opportunity Commission ("EEOC"). In December 1991, after receiving the EEOC's determination and right-to-sue letter which concluded that she had failed to meet the performance standard of a probationary employee, Etemad filed a complaint against the Board in district court alleging violations of 42 U.S.C. Secs. 1981, 1983, 1985, 1986, 42 U.S.C. Secs. 2000e et seq. ("Title VII"), 29 U.S.C. Sec. 201, 202, and the Fourth, Fifth, and Fourteenth Amendments. On February 9, 1993, the district court dismissed Etemad's amended complaint for failure to state a claim, and Etemad filed a notice of appeal for review of that dismissal. On appeal, we affirmed the dismissal of Etemad's civil rights claims against the State, but vacated and remanded for the district court to reinstate her Title VII claim. See Etemad v. State of California, Dept. of Water Resources Control Board, No. 93-55289, unpublished memorandum disposition (9th Cir. April 5, 1994).
 
 
 5
 Subsequently, on July 26, 1993, Etemad commenced the present action by filing a new complaint in district court. Although the present complaint adds individual employees as defendants, and includes new causes of action, the allegations in the complaint relate to the same facts that served as the basis of Etemad's previous complaint in district court. Thus, Etemad alleges that the Board and individual employees discriminated against her on the basis of race and sex when they terminated her from employment. Etemad also contends that defendants subsequently conspired and retaliated against her for pursuing legal remedies, committed fraud and perjury, invaded her privacy, and negligently and intentionally caused her emotional distress. On October 25, 1993, the district court dismissed Etemad's complaint with prejudice, finding that Etemad's claims against the Board were barred by res judicata, and that her civil rights and tort claims against the individual defendants were barred by the statute of limitations. Etemad timely appeals.
 
 II
 Merits
 A. Res Judicata
 
 6
 Etemad contends that the district court erred by dismissing her complaint against the state defendants on the basis of res judicata. This contention lacks merit.
 
 
 7
 We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 
 8
 Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir.1983).
 
 
 9
 Here, we agree with the district court that Etemad raised or could have raised in her prior action against the Board all of the claims she raised in the present action. All of the claims in Etemad's complaint arise from the same series of events which were the subject of the district court's dismissal on February 9, 1993. Accordingly, the district court did not err by finding that Etemad's claims against the Board were barred by res judicata. See id. Moreover, because the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata, see Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir.1985), amended & superseded by 880 F.2d 149 (1989), Etemad's appeal of the dismissal of her previous complaint did not affect its preclusive effect. See id.
 
 B. Statute of Limitations
 
 10
 We review de novo the district court's dismissal based on the running of the statute of limitations. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1988).
 
 
 11
 Etemad contends the district court erred by finding that her civil rights claims against the individual employees were time-barred. This contention lacks merit.
 
 
 12
 Although Etemad fails to specify the jurisdictional basis for her civil rights claims, reading her complaint liberally, we construe her claims as being brought under 42 U.S.C. Secs. 1981, 1983, and 1985(3).[1] See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988) (court must construe pro se pleadings liberally and afford the plaintiff any benefit of doubt). Actions brought under these statutes are governed by the forum state's statute of limitations for personal injury actions. Taylor v. Regents. of Univ. of California. 993 F.2d 710, 711 (9th Cir.1993), cert. denied, 114 S.Ct. 890 (1994). In California, the statute of limitations applicable to personal injury actions is one year. Cal.Civ.Proc.Code Sec. 340(3); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). For purposes of the statute of limitations, a cause of action accrues when the plaintiff knows or should have known of the injury which is the basis of his action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
 
 
 13
 Etemad contends that even if more than one year has elapsed since her causes of action accrued, the statute of limitations should be equitably tolled because she had previously pursued a federal remedy by seeking relief under Title VII. This contention lacks merit.
 
 
 14
 "California's doctrine of equitable tolling allows a plaintiff to toll the state statute of limitations when a person has several formal legal remedies and reasonably and in good faith pursues one." Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1444 (9th Cir.1994) (quotation omitted). Nevertheless, when a "plaintiff has pursued a remedy as to only one of several distinct wrongs, the equitable tolling doctrine does not apply to those other wrongs." Id. at 1445; see Johnson v. Railway Express Agency, 421 U.S. 454, 461 (1975) (remedies available under Title VII and under 42 U.S.C. Sec. 1981, although related and directed to the same ends, are separate, distinct and independent). Etemad's civil rights claims against individual employees, are "separate, distinct and independent" from the claims she pursued in her Title VII action against the Board. Accordingly, California's equitable tolling provision does not apply. See Johnson, 421 U.S. at 461. Etemad's civil rights claims are therefore subject to California's one-year statute of limitations. See Cal.Civ.Proc.Code Sec. 340(3).
 
 
 15
 Here, Etemad's claims relate to her period of employment with the Board in 1990 and her subsequent administrative actions taken in 1991. Moreover, although Etemad contends that she first became aware of a number of fraudulent actions taken by the defendants in May 1992, Etemad did not file the present complaint until July 26, 1993, more than one year later. Accordingly, because Etemad failed to file her civil rights complaint against the individual defendants within the one-year statute of limitations period, the district court properly dismissed the complaint as time-barred.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These claims include "violation of public policies, discrimination, retaliation, denial of due process, conspiracy, and obstruction of justice."
 
 
 [2]
 Etemad's pendent state claims for defamation, fraud, perjury, negligent infliction of emotional distress, defamation, invasion of privacy, deprivation of privacy, and intentional infliction of emotional distress are also barred by California's one year statute of limitations period. See Cal.Civ.Code Sec. 340(3)
 
 
 [3]
 We find no abuse of discretion in the district court's denial of Etemad's motion to stay her case pending the outcome of her previous appeal