NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.B. and D.C.B., by and through their Guardian ad Litem, Terri Thomas, and as successors in interest to the Estate of Darren Burley, | No.   22-56065 |
| | D.C. No. 22-cv-04207-PA-JPR |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| COUNTY OF LOS ANGELES, et al., Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 14, 2023
Pasadena, California

Before:  TASHIMA, WALLACH,** and CHRISTEN, Circuit Judges.

Plaintiffs D.B. and D.C.B. appeal the district court's order dismissing their

First Amended Complaint (FAC) on the basis of claim preclusion.  Because the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Alston v. Nat'l Collegiate Athletic Ass'n* (*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*), 958 F.3d 1239, 1252 (9th Cir. 2020), *aff'd*, 141 S. Ct. 2141 (2021), and we affirm.

1. Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 could have been raised in the prior state court action (*Burley I*), including their claim asserting municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Haywood v. Drown*, 556 U.S. 729, 731 (2009). Although the *Monell* claim against the Los Angeles County Sheriff's Department (LASD) would have likely been dismissed on the merits based on the California Supreme Court's ruling classifying sheriffs as state officers, the state court would have had jurisdiction over this claim. *See Pierce v. San Mateo Cnty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1014–15 (2014). Accordingly, the exception to claim preclusion based on "limitations on the subject matter jurisdiction of the courts" does not apply here. *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 869 (9th Cir. 1995) (quoting Restatement (Second) of Judgments § 26(1)(c)).

The district court correctly concluded that Plaintiffs' § 1983 claims are part of the same cause of action as the claims asserted in *Burley I*. Federal courts are required to give preclusive effect to state-court judgments by applying the state's

2

preclusion doctrine. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982)). Under California's primary rights theory, a "claim arises from the harm suffered, as opposed to the particular theory of the litigant," so "[e]ven when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." *Id*. In *Burley I*, Plaintiffs brought claims in both their individual capacities for Darren Burley's wrongful death, and in their representative capacities on behalf of Burley's estate for, *inter alia*, negligence and battery suffered by Burley prior to his death. Plaintiffs' *Monell* claim against the County pleads a different theory of liability—the County's "custom, policy, and practice" that allegedly permitted the deputies' unlawful conduct—but is based on these same injuries. Because the harms suffered by Plaintiffs are the same as those asserted in *Burley I*, the *Monell* claim is asserted under the same primary right and is part of the same cause of action, and is therefore precluded.

2. The district court did not err in concluding that equitable factors did not warrant an exception to claim preclusion here. The FAC does not plausibly allege that Plaintiffs were unable to discover the existence of LASD gangs. To the contrary, the record demonstrates that Plaintiffs had access to these facts at the time of *Burley I*, as evidenced by Plaintiffs' depositions of Deputy Aviles. Similarly, Plaintiffs' difficulty in recovering pre-death pain and suffering damages

3

in *Burley I* does not prevent the application of claim preclusion. Following this court's decision in *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014), Plaintiffs could have amended their complaint in *Burley I* to argue their entitlement to such damages.

3. Finally, we deny as moot Plaintiffs' request for judicial notice of the Proposed Judgment on Jury Verdict. The Proposed Judgment is not necessary to identify the claims raised in *Burley I*, which the district court summarized in the order appealed, and which appear in the *Burley I* complaint included in the supplemental excerpts of records.

**AFFIRMED.**