**Linda HIRST, Plaintiff-Appellant,**

v.

**STATE OF CALIFORNIA, et al.,
Defendants-Appellees.**

No. 84–2060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 1985.

Decided Sept. 3, 1985.

---

Jean Klingensmith, Sacramento, Cal., for plaintiff-appellant.

Stephanie G. Sakai, Sacramento, Cal., for defendants-appellees.

Before DUNIWAY, HUG, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

Plaintiff Hirst appeals the district court's dismissal of her Title VII complaint. The district court held that under *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), a final state court judgment upholding an adverse state agency decision must be accorded res judicata effect. We affirm on other grounds.

## I.

Plaintiff Hirst left work at the California Department of Transportation ("Cal Trans") because of alleged "psychic" injury which she claimed resulted from years of sexual discrimination. Following a long leave of absence, Hirst failed to return to work after allegedly being requested to do so. She was terminated. Hirst's Title VII action in federal district court alleged a discriminatory and retaliatory motive for her termination.

Hirst also appealed her termination to the State Personnel Board ("SPB"). The SPB denied Hirst's request for reinstatement and specifically found that her allegation "that she was a victim of sex discrimination is not supported by substantial evidence and must be rejected." Hirst challenged the SPB's decision by way of a writ of administrative mandate in the Superior Court of Sacramento County. That court held that Hirst's termination was void because of inadequate notice that her leave of absence was being terminated. Cal Trans appealed and the Third District Court of Appeals reversed the Superior Court. Plaintiff's Title VII action was thereafter dismissed on res judicata grounds. It is from that dismissal that plaintiff appeals.

## II.

The district court's dismissal on res judicata grounds is subject to *de novo* review. *Clayton v. Republic Airlines, Inc.*, 716 F.2d 729, 730 (9th Cir.1983).

From the outset, we note that principles of res judicata would bar plaintiff's Title VII claim if plaintiff could have raised the claim in state court. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1437 (9th Cir. 1985) (California courts will not apply res judicata to claims not raised in previous proceedings unless the court rendering the prior judgment had jurisdiction to hear such claims). In *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984), this court held that jurisdiction over Title VII claims rests exclusively in the federal judiciary. *Id.* at 436. Because the state court could not adjudicate the Title VII claim, plaintiff's Title VII claim could not be barred by res judicata. We need not, however, remand this case to the district court. Our review

of the record persuades us that plaintiff is precluded under the doctrine of collateral estoppel from relitigating the issue of discrimination via a Title VII action.

### III.

■ We must look to the law of California to determine the collateral estoppel effect of the prior litigation of the discrimination issue. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). California applies collateral estoppel when: (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *See e.g., Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 874–75, 587 P.2d 1098, 1101–02, 151 Cal.Rptr. 285, 288–89 (1979) (*en banc*).

Plaintiff's first amended complaint alleges in substance that plaintiff was harassed in the workplace, denied career advancement opportunities, and discharged from her job, all due to sex discrimination. These allegations form the nucleus of plaintiff's Title VII claim. Plaintiff raised the same issue of sex discrimination in state proceedings brought under Cal.Gov. Code § 19702. In state proceedings, plaintiff alleged that she had been harassed, denied advancement opportunities, and discharged on the basis of sex. The California Court of Appeal reviewed the record and found no evidence to support the allegations. The state court attributed plaintiff's discharge to plaintiff's attitudinal problems, not discrimination.

The elements of sex discrimination in state court do not differ from the elements of a Title VII claim. *Compare* section 19702 *with* Federal Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e–3. *See also Johnson v. American Airlines*, 157 Cal.App.3d 427, 432–33, 203 Cal.Rptr. 638, 640–41 (1984). In fact, the state statute prohibiting sex discrimination looks to the Federal Civil Rights Act of 1964 as a benchmark. *See* Cal.Gov. Code § 19702.1. *Cf. Hardy v. Stumpf*, 37 Cal.App.3d 958, 112 Cal.Rptr. 739 (1974) (standard of sex discrimination is the same under Title VII Federal Civil Rights Act and analogous state statute, Cal.Lab.Code, §§ 1410–32).

■ The discrimination issue was adjudicated in the state proceedings. Now plaintiff seeks to relitigate the discrimination issue by clothing it as a Title VII claim. *Cf. Los Angeles Branch NAACP v. Los Angeles Unified School District*, 750 F.2d 731, 745 (9th Cir.1984) (*en banc*) (plaintiffs in school desegregation case cannot relitigate issue of *de jure* discrimination in federal court, after issue was determined in state court). As the issue has been conclusively determined between the same parties by the California courts, plaintiff is collaterally estopped from relitigating the issue of sex discrimination in federal court. *Kremer*, 456 U.S. at 479–82 & nn. 21 and 22, 102 S.Ct. at 1896–98 & nn. 21 and 22; *see also Clemmer*, 22 Cal.3d 865, 874–75, 587 P.2d 1101–02, 151 Cal.Rptr. 285, 288–89.[1]

### AFFIRMED ON OTHER GROUNDS.

---

1. The *Kremer* case arguably presents an issue of retroactive application of new law, as *Kremer* was decided after the plaintiff commenced the Title VII claim. *See Chevron Oil v. Huson*, 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). *Kremer* may represent a change in the preclusive effect which federal courts must give to state court employment discrimination judgments; however, *Kremer* does not depart from well-established principles of collateral estoppel.

*Kremer*, 456 U.S. at 466–67 & n. 6, 102 S.Ct. at 1889–90 & n. 6. Federal courts have consistently applied collateral estoppel to issues determined by state courts. *See, e.g., Allen v. McCurry*, 449 U.S. at 96, 101 S.Ct. at 415; *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The result we reach is therefore the same under *Kremer* and its predecessors.