974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Almario M. AVILES, Plaintiff-Appellant,
v.
MERIS LABORATORIES, et al., Defendants-Appellees.
 No. 91-15857.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1992.*
Decided Sept. 11, 1992.
 
 Before WALLACE, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Almario Aviles assigns error to the district court's grant of summary judgment to Meris Laboratories, its officers and employees (collectively "Meris"), on his claims of national origin and age discrimination under Title VII, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"). We have jurisdiction, 28 U.S.C. § 636(c), and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Aviles applied for different technical positions with Meris. After he was not offered employment, he commenced four suits against Meris. In June and July of 1989, Aviles filed suit in the Santa Clara Superior Court and the U.S. District Court, respectively, alleging Meris' failure to hire him as a Medical Lab Manager resulted from national origin and age discrimination[1] and retaliation for his filing a discrimination charge with the EEOC. In September, 1989, Aviles filed another suit in the Santa Clara Superior Court alleging he was not hired for a Medical Lab Supervisor position for the same reasons. A fourth suit was filed in the U.S. District Court regarding Meris' failure to hire him as a Hematology Supervisor.
 
 
 4
 During discovery, Meris learned that Aviles had lied on his original job application. Although Aviles stated that he had voluntarily left two prior jobs, he had in fact been fired from both.
 
 
 5
 The defendants moved for summary judgment in the consolidated federal suits, which was denied. The defendants then moved for summary judgment in the superior court. Summary judgment was granted based on the undisputed fact that Aviles had lied on his job application, and was therefore unqualified for the positions for which he applied, precluding relief. Meris then moved for summary judgment in the district court on the bases of res judicata and collateral estoppel, and sought an award of attorney's fees. The district court, Magistrate Judge Joan Brennan presiding,[2] granted summary judgment based on collateral estoppel and denied the motion for attorney's fees. Aviles timely filed a notice of appeal.
 
 STANDARD OF REVIEW
 
 6
 We review a district court's grant of summary judgment de novo. See T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors' Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 DISCUSSION
 1. Res Judicata and Collateral Estoppel
 
 7
 a. Res Judicata
 
 
 8
 State court judgments are entitled to res judicata and collateral estoppel preclusive effect absent an exception to the federal Full Faith and Credit Statute, 28 U.S.C. § 1738. Kremer v. Chemical Construction Corp., 456 U.S. 461, 476 (1982). The preclusive effect of a state judgment is determined by the state law principles of the state in which the judgment was rendered. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985); Takahashi v. Board of Trustees of Livingston, 783 F.2d 848, 850 (9th Cir.1986), cert. denied, 476 U.S. 1182 (1986). This court has held that, under California law, res judicata bars a claim if the plaintiff could have raised it in the prior proceeding. See Hirst v. State of California, 770 F.2d 776, 777 (9th Cir.1985); Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir.1985) (citing Teitlelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 604, 375 P.2d 439, 440, 25 Cal.Rptr 559, 560 (1962), cert. denied 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963)). Aviles filed his state and federal suits in 1989, when this court's decision that federal courts had exclusive jurisdiction of Title VII claims was still good law. See Valenzuela v. Kraft, 739 F.2d 434 (9th Cir.1984), overruled, Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820 (1990). As such, the state suits are without preclusive effect.
 
 
 9
 b. Collateral Estoppel
 
 
 10
 Again, we are required to look to California legal principles to decide whether Aviles is collaterally estopped from adjudicating the remainder of his claims in federal court. Hirst, 770 F.2d at 778. Under California law, collateral estoppel may be invoked when: (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. Id., citing Clemmer v. Hartford Insurance Co., 22 Cal.3d 865, 874-75; 587 P.2d 1098, 1101-02, 151 Cal.Rptr. 285, 288-89 (1979) (in bank).
 
 
 11
 In his state actions, Aviles alleged that Meris discriminated against him based on national origin and age, and in retaliation for filing claims with the EEOC. The superior court granted summary judgment in Meris' favor on both Aviles' state claims, holding that Aviles was not qualified because he had lied on his application, and therefore could not claim unlawful discrimination. This issue has already been fully litigated in the state court, a final judgment was entered, and Aviles was a party to that adjudication. Under Clemmer, Aviles is bound by the state court's finding that he was not qualified. Clemmer, 22 Cal.3d at 875-875, 587 P.2d at 1101-1102, 151 Cal.Rptr. at 288-289.
 
 
 12
 Aviles argues that because the district court denied Meris' first summary judgment motion, he established a prima facie case under McDonnell-Douglas and is entitled to a full and fair opportunity to demonstrate that Meris' reasons for rejecting him were pretextual. Aviles misunderstands collateral estoppel and the nature of summary judgment. Summary judgment is a decision on the merits after a "full and fair opportunity" to litigate. Absent some showing of irregularities in the state court proceedings, Aviles is procedurally barred by the state court judgment from bringing his other Title VII claims in federal court.
 
 
 13
 Aviles makes much of his allegation that Meris has continued employment of others who lied on their job applications and that had he been hired, he would have had a cause of action against Meris if Meris had fired him and not others who had also lied. Aviles is correct. See McDonald v. Santa Fe Trail Transp. Co., 472 U.S. 273, 285 (1976); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 (9th Cir.1987). However, the extension of Title VII protection to one who was not hired and would not have been hired had he told the truth is not the kind of statutory interpretation in which we are willing to indulge. Aviles was not wrongly deprived of anything to which he was entitled.
 
 2. Attorney's Fees
 
 14
 Meris argues that given the successful summary judgment award in the superior court, Aviles' claims were obviously frivolous and Meris is entitled to attorney's fees pursuant to 42 U.S.C. 2000e-5(k). Given Aviles' initial success on summary judgment and his pro se status, "[w]e do not believe that this appeal was entirely frivolous or taken in bad faith,....". Learned v. City of Bellevue, 860 F.2d 928, 934 (9th Cir.1988), cert. denied, 489 U.S. 1079 (1989). Despite Aviles' exhorbitant prayer for damages, see Aviles v. Meris Labs, No. C-89-20421, Amended Complaint at 9 (prayer for one million dollars special damages and treble special damages of three million dollars) and his invitation for Meris to make him a settlement offer he couldn't refuse, see Aviles v. Meris Labs, No. C-89-4431 EFL, Defendants' Motion for Summary Judgment, LeClerc Declaration, Exhibit H, we deny Meris' request for attorney's fees.
 
 CONCLUSION
 
 15
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for submission without oral argument. FRAP 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aviles is Filipino and was 59 years old when he filed suit
 
 
 [2]
 The parties consented to have the case heard before a magistrate pursuant to 28 U.S.C. § 636