15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald D. BAKER, Plaintiff-Appellant,
v.
FEDERAL LAND BANK OF SPOKANE, aka Interstate Federal Land
Bank, aka Northwest Farm Credit Services; Interstate
Production Credit Association, aka Northwest Farm Credit
Services; Farm Credit Bank of Spokane, a Federal
Corporation; Kevin C. Meek, Attorney for Northwest Farm
Credit Services; Andrea D. Baker, aka Andrea G. Baker;
United States of America, acting through the Small Business
Administration, Defendants-Appellees.
 No. 93-35321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald D. Baker appeals pro se the district court's dismissal of his action against the Federal Land Bank of Spokane and other defendants (collectively the "defendants"). The district court dismissed Baker's action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Hirst v. California, 770 F.2d 776, 777 (9th Cir.1985), and affirm.
 
 
 3
 * We note initially that, except as necessary, Northwest Farm Credit Services ("Northwest") and Farm Credit Bank of Spokane ("FCB") are the only farm credit system defendants to which we will refer.[1]
 
 
 4
 In 1988, IPCA foreclosed on Baker's property in an action litigated in federal district court. On December 3, 1990, the district court entered summary judgment in favor of IPCA both on IPCA's foreclosure action and on Baker's counterclaims. Interstate Prod. Credit Ass'n v. Baker, No. CV-88-109-GF, unpublished memorandum and order (D.Mt. Dec. 3, 1990). On appeal, this court affirmed the district court's judgment. Interstate Prod. Credit Ass'n v. Baker, No. 91-35226, unpublished memorandum disposition (9th Cir. June 8, 1992).
 
 
 5
 On February 7, 1992, Baker filed this action against the defendants. In granting defendants' motions to dismiss, the district court held that Baker's complaint was "void of any factual allegation which, if proven true, would serve as a factual predicate for any claim for affirmative relief." In so holding, the court found that "the allegations of [Baker]'s complaint [were] predicated upon the same factual and legal grounds originally asserted in the affirmative defenses and counterclaims in the underlying foreclosure action."[2]
 
 
 6
 "Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). In his complaint, Baker raised claims and issues pertaining to Northwest and FCB that are substantially identical to the claims and issues he raised in the previous foreclosure action brought by Northwest as IPCA. As we described above, in that action, the claims and issues Baker raised were decided on the merits against him. He is therefore barred from relitigating those claims and issues in this action. See id.
 
 
 7
 Baker's other contentions on appeal all lack merit. See, e.g., Harper v. Federal Land Bank of Spokane, 878 F.2d 1172, 1177 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990) (no private right of action under Agricultural Credit Act of 1987).[3] The district court did not err by dismissing Baker's action.
 
 II
 
 8
 Northwest and FCB request sanctions against Baker for filing a frivolous appeal. This appeal is frivolous because the result is obvious and Baker's arguments are wholly without merit. See Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Moreover, that this appeal is frivolous should have been apparent to Baker given the result in IPCA's previous foreclosure action. Therefore, although Baker is pro se, in exercise of our discretion we impose damages in the amount of $1,000 as a sanction against him. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1009.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Baker alleged actions taken by Interstate Production Credit Association ("IPCA"), the Federal Land Bank of Spokane ("FLB"), FCB, the Interstate Federal Land Bank ("IFLB"), and Northwest. Although Baker named each entity separately, in reality IPCA and IFLB merged and became Northwest. In addition, FLB merged with another bank not named in the complaint to form FCB
 
 
 [2]
 In their motion to dismiss, Northwest and FCB argued extensively that Baker was attempting to relitigate the counterclaims he raised in IPCA's previous foreclosure action. In opposition, Baker argued this was not true because his claims in this action were different
 
 
 [3]
 Baker failed to raise any issues on appeal as to defendants Andrea Baker, Kevin Meek, or the Small Business Administration