934 F.2d 1100
 13 Employee Benefits Ca 2634
 Harriette TURNBOW, Plaintiff-counter-defendant-Appellee,
v.
PACIFIC MUTUAL LIFE INSURANCE CO., Beneficial
Administration Co., Inc., Donald Lawrenz,
Beneficial Employees Security Trust,
Defendants-counter-claimants-Appellants.
 No. 90-16653.
 United States Court of Appeals,
Ninth Circuit.
 Argued April 12, 1991.
Submission Deferred April 16, 1991.
Resubmitted June 5, 1991.
Decided June 12, 1991.
 
 David L. Bacon, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants-counter-claimants-appellants.
 Riley M. Beckett, Carson City, Nev., for plaintiff-counter-defendant-appellee.
 Appeal from the United States District Court for the District of Nevada.
 Before WALLACE, Chief Judge, GOODWIN and FLETCHER, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Defendants, insurers, and an employees' trust (collectively, "Pacific Mutual") appeal the dismissal of an action filed in federal court by an insured beneficiary of the trust, Harriette Turnbow. Turnbow, who was also pursuing a contract claim against Pacific Mutual in state court for the denial of her benefits, brought this federal action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1132, 1451. Her federal complaint alleged breach of fiduciary duties, negligence, prohibited transactions, civil conspiracy, interference with protected rights, and denial of plan benefits. Pacific Mutual counterclaimed, contending that ERISA preempted Turnbow's action and that the state court lacked subject-matter jurisdiction to grant Turnbow relief. The counterclaim sought both declaratory relief and a stay of the proceedings in state court. After Turnbow secured a judgment in state court, she moved to dismiss the federal action. The district court dismissed without prejudice both the ERISA action and Pacific Mutual's counterclaim. We now affirm.
 
 
 2
 Turnbow was the sole proprietress of a liquor store called "The Bottle Stop." Beginning in 1974, the store's four employees, including Turnbow, enjoyed medical benefits under a group insurance policy underwritten by Pacific Mutual. The policy offered coverage for a maximum of three years following the onset of a beneficiary's total disability, as long as premium payments were met for the first two of those years. A totally disabled beneficiary was entitled to receive benefits for one year following an employer's cancellation of the plan.
 
 
 3
 In August, 1981, Turnbow suffered a stroke which left her permanently and totally disabled. One year and nine months later, The Bottle Stop cancelled the group insurance policy because it was unable to pay substantial increases in its monthly premiums. Pursuant to the policy's provision for extension of benefits following cancellation, Turnbow continued to receive benefits for one year. Consequently, she received all but three months of the payments to which she would have been entitled had The Bottle Stop not cancelled the policy.
 
 
 4
 Turnbow filed a breach of contract action against Pacific Mutual and others in Nevada state court, alleging that the premium increases caused her prematurely to lose coverage. Pacific Mutual removed the case to federal court on diversity grounds, but it was later remanded back to state court after Turnbow destroyed diversity. Pacific Mutual then moved to dismiss the complaint on the ground that ERISA preempted the state law claims. The state court treated the dismissal motion as a motion for summary judgment and granted it.
 
 
 5
 Turnbow appealed to the Nevada Supreme Court and, at the same time, filed this ERISA action. She included a prayer for declaratory judgment on the preemption issue. Pacific Mutual, instead of pressing for a ruling on preemption, moved to dismiss the federal action on the ground of judicial economy. The district court denied the dismissal motion but stayed the action pending the state court's final word on ERISA preemption.
 
 
 6
 The Nevada Supreme Court reversed the trial court's preemption ruling and remanded the case for trial. A jury returned a verdict for Turnbow which, including punitive damages, amounted to $2,620,400 plus costs. Pacific Mutual's appeal from this judgment is pending before the Nevada Supreme Court.
 
 
 7
 Pacific Mutual next moved to dismiss with prejudice the federal action on mootness grounds. Turnbow opposed the motion. The district court denied the dismissal motion and scheduled a jury trial. Pacific Mutual filed an answer to Turnbow's ERISA complaint and counterclaimed to enjoin the state court proceedings on preemption grounds. In an apparent reversal of their previous positions, Turnbow filed a motion to dismiss her own federal action and Pacific Mutual opposed it.
 
 
 8
 In the interlocutory decision in the parallel state court action, the Nevada Supreme Court held that ERISA did not preempt Turnbow's state claims. The state court based its ruling on two legal conclusions: The Bottle Stop, because its employee welfare benefit plan was terminated after nine years, had not "maintained" an ERISA-covered plan; and, even if the plan were ERISA-covered, Turnbow's claims were not governed by ERISA because, as a sole proprietress, she was not a "participant" or "beneficiary."
 
 
 9
 When a state court judgment is offered for res judicata or collateral estoppel effect, the federal court must determine, based on state law, whether the judgment is final and therefore conclusive in the federal court. Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir.1985); see also 28 U.S.C. Sec. 1738 (providing that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of [the] State ... from which they are taken."). Under Nevada law, a judgment on the merits of an issue bars further consideration of that issue. Brown v. Capanna, 105 Nev. 665, 782 P.2d 1299, 1301 (1989). The Capanna test has been met in this case. The parties fully and fairly litigated the ERISA preemption issue in the trial court, and the Nevada Supreme Court then rendered a judgment on the merits.
 
 
 10
 Nevertheless, Pacific Mutual argues that neither res judicata nor collateral estoppel apply because the trial court and interlocutory decisions were rendered without subject matter jurisdiction. In support of its argument, Pacific Mutual claims that 29 U.S.C. Secs. 1144(a), 1132(a)(1)-(3), (e)(1), (f) expressly preclude state court jurisdiction "to render any judgment whatsoever on Ms. Turnbow's primary claims." Had the Nevada courts decided ERISA claims over which federal courts enjoy exclusive jurisdiction, Pacific Mutual would be correct. See Eichman, 759 F.2d at 1437 (declining to apply state res judicata principles to preclude federal court review of claims within the exclusive jurisdiction of federal courts but nonetheless decided by the state court). The Nevada courts did not, however, render judgment on Turnbow's primary federal claims; they merely decided the ERISA preemption issue and Turnbow's state claims.
 
 
 11
 Pacific Mutual has cited no authority to support the proposition that only federal courts have jurisdiction to rule on ERISA preemption. It brings to our attention, in fact, an immaterial labor case in which the Supreme Court never questioned the state court's jurisdiction to resolve the preliminary federal question of preemption: International Longshoremen's Ass'n v. Davis, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986) (holding that, because federal preemption under the National Labor Relations Act ousts the state courts of jurisdiction, they could not apply ordinary state pleading rules to refuse to decide a defense of preemption based on federal labor laws). There was no jurisdictional bar to the Nevada courts' preemption rulings.
 
 
 12
 Pacific Mutual next argues that, even if ERISA preemption is not a federal question the resolution of which is reserved for federal courts, the district court was not barred by res judicata because the Nevada Supreme Court's ruling was incorrect. Pacific Mutual apparently thinks that federal courts can and should overturn erroneous state court rulings on issues of federal law. Assuming arguendo that the Nevada decision is erroneous, Pacific Mutual's theory is inconsistent with our prior cases.
 
 
 13
 "Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987) (emphasis in original) (footnote omitted). This rule applies even when the challenge to the state court decision involves a question of federal law. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.1986). "28 U.S.C. Sec. 1257 provides that the proper court in which to obtain ... review [of a state court decision] is the United States Supreme Court." Id. at 890.
 
 
 14
 It is true that the Supreme Court has stated that federal courts might be able, in some cases, to recognize an exception to the full faith and credit statute, 28 U.S.C. Sec. 1738, refuse to uphold state preclusion rules, and deny preclusive effect to a state court judgment. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 383, 105 S.Ct. 1327, 1333, 84 L.Ed.2d 274 (1985). This court has stated, however, that even if a state court lacked jurisdiction, "once the issue ha[s] been fully and fairly litigated in the [state] court, the [federal] court [is] bound by that court's adjudication, whether correct or not, and [is] obliged to accord full faith and credit to its resulting judgment." Securities and Exchange Commission v. United Financial Group, Inc., 576 F.2d 217, 221 (9th Cir.1978) (emphasis added) (citing Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)); see also Carr v. District of Columbia, 646 F.2d 599, 607-08 (D.C.Cir.1980) (holding that not only did the state courts have jurisdiction to enter a judgment, they had actually adjudicated and rejected a claim that the action was in the exclusive jurisdiction of the federal district court, and that adjudication should be binding by way of issue preclusion). Thus, United Financial and Carr close the door opened by Marrese for Pacific Mutual's argument that the very existence of the ERISA exclusivity provisions suggests that the preemption issue is the type of jurisdictional question on which state courts should never render the final blow.
 
 
 15
 Because we hold that res judicata bars federal relief, we need not decide whether the district court properly dismissed the action on abstention grounds. At any rate, abstention from the exercise of federal jurisdiction appears to be a moot issue, because the Nevada Supreme Court has already decided that ERISA does not preempt Turnbow's state claims.
 
 
 16
 The time for Pacific Mutual to oppose Turnbow's abstention argument was before the Nevada Supreme Court reached its decision as to ERISA preemption. Although Pacific Mutual moved to dismiss the federal action on the ground of judicial economy, it did not appeal the district court's order to stay the action pending the state court's final word on preemption. At that time, this court would not have been barred by the final judgment doctrines and could have decided whether to abstain from reaching the preemption issue. See, e.g. General Motors Corp. v. California Bd. of Equalization, 815 F.2d 1305, 1307-09 (9th Cir.1987) (reaching the abstention issue where parallel state court proceeding had not ruled on ERISA preemption), cert. denied, 485 U.S. 941, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988). Instead of appealing the stay, however, Pacific Mutual chose to wait for the state court's decision, which it trusted would be in its favor.
 
 
 17
 Pacific Mutual's litigation strategy failed. This court no longer has jurisdiction to grant Pacific Mutual the relief it desires.
 
 
 18
 AFFIRMED.