963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED INDEPENDENT INSURANCE AGENCIES, INC., a Hawaii
corporation, Plaintiff-Appellant,
Federated Insurance Agency, Inc., a Hawaii corporation;
Robert J. Keller; Imperial Holdings,
Counter-claimants-Appellants,
v.
BANK OF HONOLULU, et al., Defendants-Appellees.
 No. 90-15818.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 15, 1992.
 
 Before CYNTHIA HOLCOMB, HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 United Independent Insurance Agencies, Inc. ("United"), an insurance company owned by Robert Keller ("Keller"), filed the instant action in state court against the Bank of Honolulu ("Bank"), alleging wrongdoing on the part of Bank with respect to its handling of United's account. The trial court entered summary judgment in favor of Bank, and United appealed. The state's insurance commissioner ("Receiver") intervened on appeal, and the appellate court reversed and remanded. Bank then impleaded the Small Business Administration ("SBA"), and the latter removed the case to federal district court. A fourth-party complaint and related counterclaims brought, inter alios, United's previous shareholders and directors into the action.
 
 
 3
 As the result of separate state court proceedings, Receiver acquired United's claims and moved to be substituted as the plaintiff in the instant litigation. The Magistrate Judge granted the motion and, shortly thereafter, Bank, Receiver, SBA, and United's previous shareholders and directors, all filed motions to dismiss. Keller, both individually and in his capacity as controlling shareholder of United and two other companies involved in this case, sought, inter alia, to vacate the Magistrate Judge's order of substitution and opposed the motions to dismiss. The district court denied Keller's motion and dismissed the action, and Keller now appeals pro se from that ruling.
 
 DISCUSSION
 
 4
 The gist of Keller's first argument is that Magistrate Judge Tokairin lacked the authority to order the substitution of Receiver as the plaintiff in the instant case because, inter alia, such a ruling was effectively dispositive of United's claims against Bank, and a Magistrate Judge cannot rule on dispositive matters without the express written consent of the parties, which was not given here. Even ignoring the problems of standing and timeliness, we reject this contention as meritless.
 
 
 5
 "[W]ith respect to dispositive matters, a [M]agistrate [Judge] is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, de novo." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (emphasis added). On the other hand, "[a] non-dispositive order entered by a [M]agistrate [Judge] must be deferred to unless it is clearly erroneous or contrary to law." Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir.1991) (citing 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a)) (internal quotations and other citations omitted).
 
 
 6
 The distinction between dispositive and non-dispositive matters for purposes of 28 U.S.C. § 636 was spelled out by this court in Maisonville v. F2 America, Inc., 902 F.2d 746 (9th Cir.1990), cert. denied, 111 S.Ct. 674 (1991). Citing 28 U.S.C. § 636(b)(1)(A) and quoting Fed.R.Civ.P. 72(a) (non-dispositive matters are those "pretrial matter[s] not dispositive of a claim or defense of a party"), we held that "any motion not listed, nor analogous to a motion listed in [section 636(b)(1)(A) ], falls within the non-dispositive group of matters which a [M]agistrate [Judge] may determine." 902 F.2d at 747-48.
 
 
 7
 Substitution of parties is not one of the eight items listed at 28 U.S.C. § 636(b)(1)(A), nor is it analogous to any of those on the list. Even if we were to construe the Magistrate Judge's ruling as dispositive, Keller's utter failure to voice any objection thereto for more than seven months, i.e., well beyond the 10-day time limit, would preclude further review of this argument. Finally, we note that the district court effectively gave Keller what amounts to de novo review, anyway, in its Order of May 3, 1991.
 
 
 8
 Keller also contends that the Magistrate Judge erred as a matter of law by substituting Receiver as the plaintiff in the instant litigation because Keller's authority as director and sole shareholder of both United and Financial supersedes that of Receiver. We note, however, that Keller had a full and fair opportunity to litigate this issue in the state court receivership proceedings, and all the Magistrate Judge did here was to grant full faith and credit to the state court's judgment on this point. It is well settled that, even in the extreme situation of a state court lacking jurisdiction--clearly not the case here--"once the issue ha[s] been fully and fairly litigated in the [state] court, the [federal] court [is] bound by that court's adjudication, whether correct or not, and [is] obliged to accord full faith and credit to its resulting judgment." Turnbow v. Pacific Mut. Life Ins. Co., 934 F.2d 1100, 1103 (9th Cir.1991) (internal quotations and citations omitted) (emphasis in original). Accordingly, we reject Keller's substitution arguments.
 
 
 9
 Keller's next major contention is that the district court's judgment dismissing all claims against all parties is void as the result of the proceedings being saturated with conflicts of interest involving Receiver, the state's Attorney General, and District Judge Alan Kay, who was assigned this case until recusing himself in March 1991.
 
 
 10
 The record reflects that Campaniano was substituted in the caption as the Receiver in the instant litigation when he replaced Mario Ramil as Hawaii's Insurance Commissioner. Companiano was involved in this action in name only. Moreover, there is nothing in the record to show that either Warren Price, III or Judge Kay ever personally handled any matter for or against Keller while in private practice. Finally, Judge Kay made no appealable rulings on any dispositive matters prior to his recusal. Because we conclude that Keller's attempts to tar almost everyone connected with this case with the "conflict of interest" brush are unsupported by the record, we reject his argument that Judge Fong should have set aside the rulings previously made by Judge Kay prior to the latter's recusal.
 
 
 11
 The essence of Keller's final argument is that the judgment below is factually unsupportable. We reject Keller's contentions because they are without merit. Because we find no merit to any of Keller's remaining arguments, the judgment of the district court is
 
 
 12
 AFFIRMED. All pending motions are DENIED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3