2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
H. SALT OF SOUTHERN CALIFORNIA, INC., Plaintiff-Appellee,
v.
Wen Lung YU; Li Tzui Yu, Defendants-Appellants.
 No. 92-55430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 11, 1993.
 
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wen Lung Yu and Li Tzui Yu ("the Yus") appeal from the grant of summary judgment in favor of H. Salt of Southern California, Inc. ("H. Salt South") on H. Salt South's claims for breach of contract and trademark infringement and from the dismissal of the Yus' counterclaims for breach of statutory duty, intentional interference with contractual relations, and conspiracy to interfere intentionally with contractual relations.
 
 
 3
 * In April 1969, Kentucky Fried Chicken Corporation ("KFC") acquired the rights to the "H. Salt Fish & Chips" restaurant franchise system in an assignment from the original franchisor, Salt Enterprises. Since July 1980, the Yus have operated an H. Salt restaurant pursuant to a franchise agreement which had been entered into with KFC by the Yus' predecessors-in-interest. In March 1988, KFC assigned its interest in the franchise system, including all its rights and obligations under the Yus' franchise agreement, to appellee H. Salt South.
 
 
 4
 The Yus refused to recognize H. Salt South as their new franchisor, on the ground that they had never consented to the assignment. The Yus continued to remit payment owed under the franchise agreements to KFC and allegedly refused to permit H. Salt South to perform periodic inspections.
 
 
 5
 H. Salt South and KFC notified the Yus that they were obliged to remit payment to H. Salt South, but the Yus continued to refuse to do so. The Yus were served with written notice of default in August 1989. Following the Yus' failure to cure their default within fifteen days of written notice, H. Salt South terminated the Yus' franchise agreement.
 
 
 6
 Although their franchise was terminated, the Yus continued to use the "H. Salt, Esq." trademark. H. Salt South brought suit against the Yus in the Central District of California, alleging breach of contract and trademark infringement. The Yus counterclaimed, alleging breach of statutory duty, intentional interference with contractual relations, and conspiracy to interfere intentionally with contractual relations. The district court dismissed the counterclaim, and granted summary judgment in favor of H. Salt South on the breach of contract and trademark infringement claims. The Yus appeal.
 
 II
 
 7
 The Yus argue that the district court erred in determining that KFC had the right to delegate its performance under the agreement between the Yus and KFC and thus erred in granting summary judgment in favor of H. Salt South and in dismissing the Yus' counterclaim.
 
 
 8
 Under California law, a contract is "assignable unless it calls for some personal quality of the promisor, or unless it expressly or impliedly negatives the right to assign." Witkin, Summary of California Law, Contracts Sec. 925, at 926 (9th ed. 1987). The Yus argue that the agreement at issue here both expressly prohibits the delegation of performance and calls for the performance of personal services.
 
 
 9
 We are unpersuaded. The agreement at issue here does not expressly or impliedly provide that KFC's performance cannot be delegated. Rather, the agreement merely provides that in the event of assignment, KFC guarantees its obligations. In other words, KFC remains responsible if the assignee fails to perform. In addition, the Yus have identified nothing about the nature of the duties here that requires performance by KFC itself instead of by another entity. The services to be performed by the franchisor under the franchise agreement are routine and fungible; they do not require the "character, reputation, taste, skill or discretion of the party who is to render it." Farnsworth, Contracts Sec. 11.10 at 798; see also Taylor v. Palmer, 31 Cal. 240 (1866) (landmark case in which the court held that performance can be delegated where it does not require "rare genius and extraordinary skill"). The Yus have not established that performance by H. Salt South would be essentially different from that for which the Yus or their predecessors contracted. See, e.g., Farmland Irrigation Co. v. Dopplmaier, 308 P.2d 732, 740 (Cal.1957). As such, the contract can be assigned and performance delegated.
 
 
 10
 Section 1647 of the California Civil Code is not to the contrary. It is well-settled that section 1647 does not prohibit the delegation of performance to an assignee; rather it prohibits the delegation, without the consent of the promisee, of ultimate responsibility for failure to perform by the assignee. See, e.g., Baer v. Associated Life Ins. Co., 248 Cal.Rptr. 236, 239 (Cal.Ct.App.1988). Therefore, under section 1647, "the assignor remains secondarily liable as a surety or guarantor unless the promisee releases him or the parties execute a complete novation." Witkin, supra, Contracts Sec. 943, at 841. Here, the Yus refused to accept performance by H. Salt South; they do not contend that H. Salt South somehow failed to perform. Section 1647 provides no support for their position.
 
 
 11
 The Yus also cite Chen v. H. Salt of S. Cal., No. B051729 (Cal.Ct.App., 2d Div. July 11, 1991), an unpublished decision of the California Court of Appeal, as support for their position that the contract was not assignable. Citation to this unpublished decision is improper, and we will not consider it. See Elwood v. Aid Ins. Co., 880 F.2d 204, 208 n. 4 (9th Cir.1989) (refusing to consider unpublished California decision). Under California Rules of Court 977, "[a]n opinion that is not ordered published shall not be cited or relied on by a court or a party in any other action or proceeding," Cal.R.Ct. 977(a), unless the opinion is "relevant under the doctrines of law of the case, res judicata, or collateral estoppel," Cal.R.Ct. 977(b). Contrary to the Yus' contention, res judicata and law of the case are simply inapplicable here; the Yus were not a party to the Chen case. Moreover, the Yus cannot rely on Chen under a collateral estoppel theory because Chen merely reverses the dismissal of the complaint at the pleading stage; there is no final judgment on the merits. See Turnbow v. Pacific Mutual Life Ins. Co., 934 F.2d 1100, 1102 (9th Cir.1991) (only final judgments on the merits have preclusive effect).
 
 III
 
 12
 The Yus argue that the district court abused its discretion in failing to allow them more time to conduct discovery under Federal Rule of Civil Procedure 56(f).
 
 
 13
 Rule 56(f) allows, but does not require, the district court to grant a continuance before ruling on a motion for summary judgment to allow for further discovery. A party seeking a continuance "must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey v. Pioneer National Bank, 867 F.2d 520, 524 (9th Cir.1989). Moreover, the burden is on the party seeking continuance to state facts sufficient to show that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir.1987).
 
 
 14
 The Yus have not met this burden here. The affidavit does not explain how the additional discovery would preclude summary judgment. The grant of summary judgment was based upon the district court's conclusion that the assignment of the contract was proper and, accordingly, the failure of the Yus to accept performance from H. Salt South was a repudiation of the contract. Because the Yus repudiated the contract, termination of the franchise was proper. Continuing use of the trademark after termination was an infringement of the trademark. The affidavit in support of the Yus' opposition to summary judgment contains only vague allegations regarding a conspiracy between H. Salt South and KFC. The Yus have not explained how the allegations, if true, would have precluded summary judgment on H. Salt South's breach of contract and trademark infringement claims. The affidavit alludes to the doctrines of laches and unclean hands, but the Yus have not explained how the allegations relate to those doctrines in the context of this case. Nor have the Yus alleged with sufficient specificity precisely what facts they sought to elicit through discovery. "A party may not forestall an unfavorable ruling on a summary judgment motion merely by alleging ... conspiratorial conduct." Volk, 816 F.2d at 1416.
 
 
 15
 Finally, the Yus have failed to explain their delay in seeking discovery on this issue. A Rule 56(f) motion is not justified if the party seeking further discovery has been dilatory in conducting discovery. See Landmark Development Corp. v. Chambers Corp., 752 F.2d 369, 372-73 (9th Cir.1985). The Yus had almost a year to conduct discovery before H. Salt South moved for summary judgment; a year is ample time in which to develop evidence. See Brae Transp. Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) (a party cannot complain if it fails to pursue discovery diligently before summary judgment); see also Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988) (summary judgment affirmed where there were more than six months between the initial appearance and summary judgment).
 
 
 16
 In short, the district court did not abuse its discretion in failing to grant a continuance under Rule 56(f).
 
 IV
 
 17
 The Yus argue that the district court abused its discretion in failing to abstain from deciding the trademark infringement issues in this case because related state law issues were pending in state court.
 
 
 18
 "Generally, ... the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citation and internal quotations omitted). Instead, the federal courts have a "virtually unflagging obligation" to exercise jurisdiction where it exists. Id. Only under truly exceptional circumstances may a district court abstain under deference to pending state court proceedings. Id. at 818. In Colorado River, for example, the Court found that abstention was proper only because the McCarran Amendment reflected a congressional policy to avoid piecemeal litigation in the adjudication of water rights. Id. at 819. The Yus have identified no exceptional circumstances here. The district court properly refused to abstain.
 
 
 19
 The Yus also argue that the district court abused its discretion in exercising supplemental jurisdiction over the state law claims under 28 U.S.C. Sec. 1367(c)(1). Section 1367(c)(1) provides that a district court may decline to exercise supplemental jurisdiction if "the state law claim raises a novel or complex issue of State law." 28 U.S.C. Sec. 1367(c)(1). Whether the contract at issue here is assignable does not present a novel issue of California law. Contrary to the Yus' contention, California law regarding the assignability of contracts is consistent with common law and has been well-settled for more than a century. See Taylor v. Palmer, 31 Cal. 240 (1886); Corbin, Corbin on Contracts Sec. 865, at 436 n. 2 (4th ed. 1951) (citing Taylor ). The district court properly exercised supplemental jurisdiction over the pendent claims.
 
 V
 
 20
 The Yus argue that the district court erred in awarding damages to H. Salt South in the amount of advertising fees owed under the Bylaws to the Advertising Cooperative ("co-op agreement").
 
 
 21
 The Yus first argue that H. Salt South is not entitled to receive the advertising fees because it is not a party to the co-op agreement. The Yus, however, conceded in the March 2, 1992 hearing on damages before the district court that H. Salt South is a third party beneficiary to the co-op agreement. The Yus may not now, on appeal, assert the opposite.
 
 
 22
 The Yus next argue that even if H. Salt South is entitled to receive the fees, the Yus were not required to pay them after the franchise was terminated even though they continued to use the trademark. This argument has no merit. For as long as the Yus displayed the H. Salt trademark and presented themselves as valid franchisees of H. Salt South, the Yus received the benefits of H. Salt South advertising. The Yus were aware that franchisees were required to contribute to advertising expenses under the co-op agreement; in fact, the Yus attempted to pay the fees to KFC. The district court did not err in determining, as an equitable matter, that the Yus must shoulder its share of the burden as spelled out in the co-op agreement for as long as it availed itself of the benefits of displaying the H. Salt trademark.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3