MORGAN STANLEY MORTGAGE CAP-
ITAL INC., Plaintiff–Counterdefen-
dant–Appellant,

v.

INSURANCE COMMISSIONER OF
the STATE OF CALIFORNIA,
Intervenor–Appellee,

and

Signature Group, a California Limit-
ed Partnership, Defendant–Coun-
terclaimant–Appellee.

No. 92–55261.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1993.

Decided March 10, 1994.

Alexander F. Wiles, Evan A. Jenness, Christopher S. Harman, Irell & Manella, Los Angeles, California, for the plaintiff-counter-defendant-appellant.

Karl L. Rubinstein, Charles S. Bronitsky, Kathleen M. McCain, Rubinstein & Perry, Los Angeles, California, for the intervenor-appellee.

Robert E. McCutcheon, Hastie & Kirschner, Oklahoma City, Oklahoma, for the defendant-counterclaimant-appellee.

Before: William A. Norris, Charles Wiggins and Diarmuid F. O'Scannlain, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Morgan Stanley Mortgage Capital Inc. appeals the dismissal of its diversity action to establish ownership and possession of certain negotiable mortgage notes ("Notes") issued by two California limited partnerships (collectively the "Signature Partnerships"). Morgan Stanley bought these Notes from the Signature Partnerships pursuant to reverse-repurchase transactions in which the Signa-ture Partnerships agreed to buy back the Notes at a later date. The transactions were described by the California Court of Appeal in a related state action as follows:

> Formally, Morgan Stanley actually purchased the mortgage notes and was to be the owner of the notes until they were repurchased. However, the arrangement was, in reality and in effect, a secured loan from Morgan Stanley to the Signature Partnerships, for which the mortgage notes constituted the security.

*Garamendi v. Executive Life Ins. Co.*, 17 Cal.App.4th 504, 510–11, 21 Cal.Rptr.2d 578 (2d Dist.1993). When the Signature Partnerships failed to repurchase the Notes as promised, Morgan Stanley sued the partnerships and the custodian of the Notes, Security Pacific National Bank, in district court.

Before Morgan Stanley filed its federal action, a state trial court overseeing the insolvency of Executive Life Insurance Company had already asserted *in rem* jurisdiction over the Notes as assets of separate entities in which Executive Life had a substantial ownership interest.[1] Upon motion of the California Insurance Commissioner, as conservator of Executive Life and intervenor in the federal suit, the district court dismissed Morgan Stanley's action in the "interest of judicial economy, under principles of comity, and in deference to ... the Conservation Court's prior assumption of *in rem* jurisdiction...." Order of January 30, 1992, at 4.[2]

On appeal, Morgan Stanley argues that the district court should not have deferred to the *in rem* jurisdiction of the Conservation Court because of the preemptive effect of federal bankruptcy law. *See International Shoe Co. v. Pinkus*, 278 U.S. 261, 263–64, 49 S.Ct. 108, 109, 73 L.Ed. 318 (1929). The Commissioner

---

1. Executive Life was a 92% general and limited partner in the Signature Partnerships. *See Executive Life*, 17 Cal.App.4th at 511–12, 21 Cal. Rptr.2d 578.

2. While a federal court should not stay or dismiss the federal action simply because the same action is pending in state court, *see Kline v. Burke Construction Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922), "[i]f the two suits are *in rem* or *quasi in rem* ... the jurisdiction of one court must of necessity yield to that of the other." *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331 (1936). *See also Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); *Penn. General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir.1992).

responds that the Bankruptcy Code contains an express exception that preserves state court jurisdiction over the insolvency of domestic insurance companies. *See* 11 U.S.C. § 109(b)(2) (excluding "a domestic insurance company" as an eligible debtor). But Morgan Stanley counters that this exception does not apply because the Notes are not assets of Executive Life, but of the legally separate Signature Partnerships, and that the partnerships were engaged in the business of investing in real estate, not in selling insurance.

■ This very set of arguments on federal preemption of the Conservation Court's jurisdiction was presented to the California Court of Appeal in Morgan Stanley's direct appeal of the Conservation Court's exercise of *in rem* jurisdiction over the Notes. After the initial briefs in this federal appeal were filed, the California Court of Appeal handed down its decision rejecting Morgan Stanley's argument. *See Garamendi v. Executive Life Ins. Co.,* 17 Cal.App.4th 504, 21 Cal.Rptr.2d 578 (2d Dist.1993) (*"Executive Life"* ). In *Executive Life,* the court reasoned:

> [W]hen an "identity of interest" exists between an insolvent insurance company and a partnership in which the insurance company has a substantial ownership interest, a trial court overseeing the company's insolvency may validly exercise in rem jurisdiction over such partnership's assets where reasonably necessary to promote the insolvent company's rehabilitation.

*Id.* at 508, 21 Cal.Rptr.2d 578. After reviewing facts specific to the relationship between Executive Life and the Signature Partnerships, the California Court of Appeal ruled that Executive Life had a substantial ownership interest in the Signature Partnerships, that "Morgan Stanley's action against the Signature Partnerships was, in effect, an action against [Executive Life]," and that attachment of the partnerships' assets was "reasonably necessary to a successful rehabilitation of [Executive Life.]"[3] *Id.* at 522, 21 Cal.Rptr.2d 578. Accordingly, the Court of Appeal held that under the exception for domestic insurance companies in the federal bankruptcy code, 11 U.S.C. § 109(b)(2), and the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015 (1988)—which delegates the "business of insurance" to the states[4]—the Conservation Court's exercise of jurisdiction over the Notes was not preempted. *See id.* at 522, 21 Cal.Rptr.2d 578. We hold that the full faith and credit statute, 28 U.S.C. § 1738 (1988), requires us to give preclusive effect to the Court of Appeal's decision.[5]

Section 1738 "commands a federal court to accept the [preclusion] rules chosen by the State from which the judgment is taken." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985) (quoting *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982)). "California applies col-

---

**3.** In its analysis, the court took into consideration various factors including: "(1) [Executive Life] engaged in real estate investments through numerous partnerships and other business entities, (2) these investments were financed primarily from premium income, (3) the Signature Partnerships were two of the partnerships through which [Executive Life] conducted its real estate investments, (4) [Executive Life] was a 92 percent general and limited partner in the Signature Partnerships and (5) Morgan Stanley was a secured creditor of the Signature Partnerships." *Id.* at 512–13, 21 Cal.Rptr.2d 578. The court also considered the fact that Executive Life had invested approximately $65 million in the Signature Partnerships. *See id.* at 512, 21 Cal.Rptr.2d 578.

**4.** In the McCarran–Ferguson Act, Congress declared that "the continued regulation and taxation by the several States of the business of insurance is in the public interest...." 15 U.S.C. § 1011. Further, it declared that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance...." 15 U.S.C. § 1012(b).

**5.** Morgan Stanley also argues that the California Insurance Code did not give the Conservation Court any affirmative grant of jurisdictional power over the assets of a partnership that is not itself an insurer. To the contrary, the California Court of Appeal has held that the Conservation Court had affirmative authority under the California Insurance Code to assert *in rem* jurisdiction over the Notes. *See Executive Life,* 17 Cal. App.4th at 519–20, 21 Cal.Rptr.2d 578. We must, of course, respect the Court of Appeal's interpretation of California law.

lateral estoppel when: (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Hirst v. State of California,* 770 F.2d 776, 778 (9th Cir.1985) (citations omitted). The parties do not contest that all three requirements are satisfied here.

■ Morgan Stanley argues that we should engage in an independent review of the question whether the Conservation Court's exercise of *in rem* jurisdiction over the Notes was preempted by the Bankruptcy Code. In making this argument, Morgan Stanley relies upon the rule of California preclusion law that a second court may independently review the subject matter jurisdiction of the first court before deciding whether to give the first court's judgment preclusive effect. *See Eichman v. Fotomat Corp.,* 759 F.2d 1434, 1437 (9th Cir.1985).

■ The problem with this argument is that California law also says that when the first court *expressly* rules that it has subject matter jurisdiction, the second court's jurisdictional inquiry is limited to the question whether the parties had a full and fair opportunity to be heard in the first court. If they had such an opportunity, as Morgan Stanley did in this case,[6] then the first court's ruling—even on the ·issue of its own jurisdiction—must be given preclusive effect.[7] *See, e.g., St. Sava Mission Corp. v. Serbian Eastern Orthodox Diocese,* 223 Cal.App.3d 1354, 1364, 273 Cal.Rptr. 340 (3d Dist.1990); *In re Hart,* 165 Cal.App.3d 392, 398, 209 Cal.Rptr. 272 (4th Dist.1984); *Craig v. Superior Court,* 45 Cal.App.3d 675, 680, 119 Cal.Rptr. 692 (3d Dist.1975).[8]

Because Morgan Stanley was given a full and fair opportunity to litigate the jurisdictional issue before the California Court of Appeal, and because the California Court of Appeal expressly held that federal bankruptcy law did not preempt the Conservation Court's authority to exercise *in rem* jurisdiction over the Notes, California courts would give preclusive effect to *Executive Life.* Under § 1738, so must we.[9]

■ Finally, Morgan Stanley urges us to invoke the doctrine of implied partial repeal of the full faith and credit statute as a basis for denying preclusive effect to the California Court of Appeal's decision that the Conservation Court may exercise jurisdiction over the

---

6. Morgan Stanley vaguely asserts that they were denied a full and fair opportunity to litigate before the Conservation Court. We reject this argument because, even if this were true, it is undisputed that Morgan Stanley had both the opportunity and incentive to litigate fully and fairly on direct appeal, before the California Court of Appeal. Morgan Stanley was the appellant in *Executive Life;* it was represented by able counsel; it made its best argument and lost.

7. Morgan Stanley's contrary case authorities are not on point. In neither *Eichman v. Fotomat Corp.,* 759 F.2d 1434 (9th Cir.1985), nor *Pension Trust Fund v. Triple A Mach. Shop,* 942 F.2d 1457 (9th Cir.1991), was the issue whether the state court could assert jurisdiction over allegedly exclusive federal claims ever *heard or decided* by the state court. Not surprisingly, in those cases, the full faith and credit statute did not prevent any party from litigating the jurisdiction issue, *for the first time,* in federal court. By contrast, in the instant case, the issue whether the Conservation Court could assert *in rem* jurisdiction over the Notes—notwithstanding the general preemptive effect of the Bankruptcy Code— was expressly heard and decided by the California courts.

8. These cases deal with the faith and credit that a California court would give to judgments of sister states. However, as we held in *Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244 (9th Cir.1992), "[w]e have no reason to think that California would treat the decisions of its own courts with less respect than that accorded to the decisions of the courts of all other jurisdictions." *Id.* at 251.

9. *See Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 250–51 (9th Cir.1992) (granting preclusive effect to a California state court's decision that it had jurisdiction over an action to enforce an arbitration award with an Indian tribe); *Turnbow v. Pacific Mut. Life Ins. Co.,* 934 F.2d 1100, 1103 (9th Cir.1991) (granting preclusive effect to a Nevada state court's decision that ERISA does not preempt certain state claims); *Board of Trustees v. Reyes,* 688 F.2d 671, 673 (9th Cir.1982) (granting preclusive effect to a California appellate court decision that ERISA does not preempt certain state property laws), *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3088, 77 L.Ed.2d 1349 (1983); Restatement Second (Judgments) § 12, Comment c, at 119 (1980).

Notes. In *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Supreme Court identified the relevant inquiry in resolving claims of implied partial repeal of § 1738:

> [T]he more general question is whether the concerns underlying a particular grant of exclusive jurisdiction [to federal courts] justify a finding of an implied partial repeal of § 1738. Resolution of this question will depend on the particular federal statute as well as the nature of the claim or issue involved in the subsequent federal action. Our previous decisions indicate that the primary consideration must be the intent of Congress.

*Id.* at 386, 105 S.Ct. at 1335.[10]

Morgan Stanley's *Marrese* theory is that the federal interest in preserving exclusive jurisdiction over insolvencies in bankruptcy courts is so compelling that federal courts should sometimes recognize an implied partial repeal of § 1738 when state insolvency courts assert jurisdiction over assets owned by entities that are eligible debtors under the Bankruptcy Code. Morgan Stanley bases this argument on the claim that federal bankruptcy law is an area of "highly important federal policy calling for unified and comprehensive proceedings in federal court." 18 Charles Wright, Arthur Miller & James Cooper, *Federal Practice and Procedure*, § 4428, at 285 (West 1981) (hereinafter "Wright & Miller").

When we bring Morgan Stanley's *Marrese* argument into sharp focus, it falls short of saying that the Bankruptcy Code's exception of insurance companies from the exclusive jurisdiction of bankruptcy courts strips state insolvency courts of all jurisdiction over the assets of entities that are not themselves insurance companies. Morgan Stanley does not dispute that state insolvency courts must necessarily have jurisdiction somewhat analogous to the jurisdiction enjoyed by bankruptcy courts to attach the assets of entities closely affiliated with insolvent debtors.[11] A similar point was made succinctly by the California Court of Appeal in *Executive Life:*

> [T]he jurisdiction of a state court overseeing an insurance insolvency cannot, in reason, be any less comprehensive than that of a bankruptcy court in similar circumstances. State courts overseeing the reorganization of insolvent insurance companies must have equally broad jurisdiction where it is necessary to assure the continued operation of businesses which are so affected with the public interest.

17 Cal.App.4th at 519, 21 Cal.Rptr.2d 578.

In the absence of a contention that the federal interest in exclusive bankruptcy court jurisdiction is so compelling that state insolvency courts should have no jurisdiction anal-

---

**10.** *See also Turnbow v. Pacific Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir.1991) ("[T]he Supreme Court has stated that federal courts might be able, in some cases, to recognize an exception to the full faith and credit statute, ... refuse to uphold state preclusion rules, and deny preclusive effect to a state court judgment.").

**11.** *Compare In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir.1987) ("[W]here a non-debtor's interest in property is intertwined ... with that of a bankrupt debtor [and] [i]f action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay."), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.) (automatic stay provision may apply to non-debtors in "unusual" circumstances "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor"), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Equity Funding Corp.*, 396 F.Supp. 1266, 1275 (C.D.Cal.1975) (bankruptcy court may in some cases enjoin claims against a subsidiary of a bankruptcy debtor even though that subsidiary, an insurance company, is excluded from the Bankruptcy Code); *In re Cardinal Indus.*, 109 B.R. 748 (S.D.Ohio 1989) (bankruptcy court enjoined foreclosure sales of property belonging to partnerships in which debtors participated) *with Executive Life*, 17 Cal.App.4th at 519–20, 21 Cal.Rptr.2d 578; *In re Mutual Benefit Life Ins. Co.*, 258 N.J.Super. 356, 609 A.2d 768 (A.D.1992) (state insolvency court has authority to enjoin bond trustees from foreclosing on real estate projects in which insurer owned partnership interests); *Green v. Champion Ins. Co.*, 577 So.2d 249, 259–60 (La.App. 1st Cir.1991) (state insolvency court may assert jurisdiction over assets of affiliated entities where insurer and the entities constitute a "single business enterprise").

ogous to the jurisdiction of bankruptcy courts over entities affiliated with insurance companies, Morgan Stanley's *Marrese* argument boils down to a plea for a partial repeal of the full faith and credit statute to allow federal courts to engage in collateral review of the merits of every state court exercise of jurisdiction over the assets of entities affiliated with insolvent insurance companies.

We cannot believe Congress intended such a result. The competing policy of honoring state preclusion laws is too important to yield to a process of case-by-case federal court review of the exercise of state court jurisdiction over assets of entities affiliated with insolvent insurance companies. An implied repeal of § 1738 for this purpose would serve no "highly important federal policy."[12] 18 Wright & Miller, § 4428, at 285. Moreover, it would needlessly eviscerate the policy objectives of preclusion doctrines: avoiding the costs to the parties of relitigating an issue that has already been actually, fully, and necessarily litigated; conserving judicial resources, *see Marrese,* 470 U.S. at 385, 105 S.Ct. at 1334; and promoting the "principles of comity and repose embodied in § 1738." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 463, 102 S.Ct. 1883, 1888, 72 L.Ed.2d 262 (1982).

In sum, we decline to find an implied repeal of § 1738 that would open the floodgates to federal collateral review of a state insolvency court's exercise of *in rem* jurisdiction over particular assets of particular entities affiliated with insolvent insurance companies. Accordingly, we affirm the district court's dismissal of Morgan Stanley's action to establish ownership and possession of the notes issued by the Signature Partnerships. If Morgan Stanley believes the Conservation Court, in exercising jurisdiction over these particular notes, exceeded the authority granted to it by the insurance company exception in the Bankruptcy Code, then the "proper court in which to obtain ... review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir.1986). It may not,

consistent with the full faith and credit statute, seek collateral review of the Conservation Court's action in a United States District Court.

The judgment of the district court dismissing Morgan Stanley's action is AFFIRMED.

---

12. *See Idaho ex rel Soward v. United States,* 858 F.2d 445, 451 (9th Cir.1988) (Congress has conferred to the states "the *virtually autonomous role* of ministering to their own insolvent insur-ance companies."), *disapproved of on other grounds, United States Dep't of Treasury v. Fabe,* —— U.S. ——, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993).